263 N.J. Super. 373 (1993)
622 A.2d 1345
SHELTER SYSTEMS GROUP CORPORATION, PLAINTIFF-APPELLANT,
v.
LANNI BUILDERS, INC. AND PAUL G. LANNI, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 23, 1993.
Decided April 12, 1993.
*374 Before Judges R.S. COHEN, MUIR, JR., and KESTIN.
Leonard S. de Palma, attorney for appellant.
Colasanti & Ermel, attorneys for respondents (Karen A. Ermel on the brief).
The opinion of the court was delivered by R.S. COHEN, J.A.D.
Plaintiff sold building materials to defendants, a corporate builder and its principal, both from Pennsylvania. Plaintiff's principal place of business is in New Jersey, although it apparently also has business locations in a number of other states. Plaintiff sued the corporate defendant for building materials sold and delivered, and the individual defendant on an alleged guarantee of payment for the buyer's purchases.
On defendants' motion, the Law Division judge dismissed the action for lack of personal jurisdiction. The judge held that there were insufficient New Jersey contacts and that a contractual choice-of-forum provision was not enforceable against either defendant. We disagree and therefore reverse.
*375 We need not determine whether defendants' contacts with New Jersey were sufficient to create personal jurisdiction after service of process in Pennsylvania. R. 4:4-4(c) and (e). Instead, we enforce the choice-of-forum provision contained in the contract. It says, in pertinent part:
Any actions, claims or suits (whether in law or equity) arising out of or relating to this Contract, or the alleged breach thereof, shall be brought only in courts located in the State where Seller's principal place of business is located.
New Jersey has traditionally enforced such provisions except where the clause was the result of fraud or coercive bargaining power, or where enforcement would violate strong public policy of the local forum (presumably Pennsylvania), or where enforcement would be seriously inconvenient for the trial. Wilfred MacDonald, Inc. v. Cushman, Inc., 256 N.J. Super. 58, 63-64, 606 A.2d 407 (App.Div.), certif. denied, 130 N.J. 17, 611 A.2d 655 (1992). None of the exceptions to the general rule is present here.
Defendants make two arguments. The first is that they never knew where plaintiff's principal place of business was. It is tempting to rule that it does not matter if they did not know; having agreed to a forum in which to litigate disputes, they should have inquired where it was. It is clear, however, that defendants were in possession of facts that should have alerted them that New Jersey was involved. For example, defendants executed a credit application and guarantee on plaintiff's letterhead, which showed addresses for five offices. The first one listed was the New Jersey location. The remaining four were in other states, and they all related to differently named local subsidiaries or divisions of plaintiff.[1] No one who *376 merely glanced at the letterhead would be surprised to find that plaintiff's principal place of business was in New Jersey.
The other argument is that the choice-of-forum provision was part of the contract signed at some time after the guarantee, and only by the corporate defendant, and it therefore does not bind the individual guarantor. We disagree.
The individual guarantor was the owner and president of the corporation. He allegedly guaranteed payment for all purchases. In agreeing to stand behind his corporation's performance, such a guarantor must be taken to have accepted reasonable means outlined in the corporation's contract for enforcement of the contractual obligation, not only against the corporation but, where applicable, also against the guarantor. Where several writings are produced as part of one transaction, they may be read together as one. General Elec. Credit Corp. v. Castiglione, 142 N.J. Super. 90, 101, 360 A.2d 418 (Law Div. 1976).
The purpose of requiring an individual guarantee from the owner of a corporate residential builder is to have security greater than the corporation's gossamer assurances of payment. The purpose of an agreement as to the forum for litigating over an interstate commercial transaction is to avoid having to pursue a debtor into a jurisdiction that the creditor believes inconvenient. When a corporate debtor defaults in payment to a supplier, the personal guarantor is frequently the only available source of funds. It would be unjustifiable, belying the real nature of the transaction, to rule that the litigation forum accepted by the corporation was not also accepted by the individual guarantor who executed the corporation's agreement on its behalf.
We therefore hold that a person who signs a guarantee of his corporation's future commercial debts to a supplier, and then later executes on the corporation's behalf a contract to buy goods which contains a choice-of-forum provision, agrees for *377 himself to litigate in the same forum in his capacity as guarantor.
Reversed.
NOTES
[1] Plaintiff was listed with a New Jersey address. Shelter Systems Corporation of Maryland had a Maryland address. Texas Shelter Systems Corporation was located in Texas. Colorado Shelter Systems Corporation was in Colorado. Gateway Shelter Systems Corporation had an address in Illinois. Each name was preceded by a box, and the application began: "Credit Application. Submitted by Buyer to Seller (Named Above)." None of the boxes was checked.