750 A.2d 773 (2000)
331 N.J. Super. 1
COPELCO CAPITAL, INC., Plaintiff-Respondent,
v.
Alvin D. SHAPIRO, Individually, and Alvin D. Shapiro, d/b/a Alvin D. Shapiro, Attorney, and Alvin D. Shapiro, d/b/a The Law Offices of Alvin D. Shapiro, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued September 29, 1999.
Decided May 12, 2000.
*774 Debra E. Guston, Glen Rock, for defendant-appellant (Guston & Guston, attorneys; Ms. Guston, on the brief).
William Uscher, Hackensack, for plaintiff-respondent (Uscher, Quiat, Uscher & Russo, attorneys; Mr. Uscher, on the brief).
Before Judges STERN, KESTIN and WEFING.
The opinion of the court was delivered by KESTIN, J.A.D.
Plaintiff holds, by way of an assignment, the rights to a payment stream generated by the lease of certain office equipment. An action to recover the monies due under the lease was filed in the Law Division and the subsequent bench trial resulted in a $40,462.22 judgment against defendant lessee, a Missouri attorney. Defendant appeals, contending that jurisdiction was lacking, that the purported assignment to plaintiff was invalid, and that the lower court erred in computing damages. We agree with the first of these arguments, and therefore reverse the judgment entered by the Law Division.
Defendant leased a Konica 3135 copier system from American Business Credit Corporation ("ABCC"), a Florida corporation, in September of 1994. The lease agreement was negotiated and entered into in Missouri, and the copier was delivered and used solely in Missouri. Shortly after the lease agreement was entered into, ABCC assigned its rights to the payments[1] under the lease to plaintiff, a Delaware corporation with New Jersey as its principal place of business. Defendant never made a payment on the lease outside of an initial payment of some $620 (alleged by defendant to be first and last months' rental) at the time of signing. He attributes his default to the fact that he had been led to believe that the monthly payment would be considerably less than it actually turned out to be. Plaintiff filed suit in New Jersey to recover the monies due it, relying on the following clause which was written in capital letters on the second page of the lease agreement:
Choice of Law: This rental and each schedule shall be governed by the internal laws for the state in which our or our assignee's principal corporate offices are *775 located. You consent to the jurisdiction of any local, state, or federal court located within our or our assignee's state, and waive any objection relating to improper venue.
The trial court initially dismissed the complaint on jurisdictional grounds, but then reversed itself following a motion for reconsideration filed by plaintiff.
We note, as a preliminary matter, that forum selection clauses are generally enforced in New Jersey. Caspi v. Microsoft Network, L.L.C., 323 N.J.Super. 118, 122, 732 A.2d 528 (App.Div.1999); Shelter Systems v. Lanni Builders, 263 N.J.Super. 373, 375, 622 A.2d 1345 (App.Div.1993). Nevertheless, such provisions will not be given effect if they are the result of "fraud or coercive bargaining power," or if enforcement of the clause would "be seriously inconvenient for the trial." Shelter Systems, supra, 263 N.J.Super. at 375, 622 A.2d 1345. The latter exception does not apply in cases where geographic distance merely inconveniences production of non-party witnesses; rather, it is reserved for the situation where "trial in the contractual forum will be so gravely difficult and inconvenient that [the party] will for all practical purposes be deprived of his day in court." Wilfred MacDonald, Inc. v. Cushman, Inc., 256 N.J.Super. 58, 65, 606 A.2d 407 (App.Div.), certif. den'd, 130 N.J. 17, 611 A.2d 655 (1992) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18, 92 S.Ct. 1907, 1917, 32 L. Ed.2d 513, 525 (1972)). Lastly, a court should not enforce a forum selection provision that violates a "strong public policy of the local forum." Shelter Systems, supra, 263 N.J.Super. at 375, 622 A.2d 1345; see also Kubis & Perszyk Assoc. Inc. v. Sun Microsystems, Inc., 146 N.J. 176, 192-93, 680 A.2d 618 (1996) (recognizing public policy considerations espoused by the Franchise Act, and therefore finding forum selection provisions in franchise agreements presumptively invalid); McNeill v. Zoref, 297 N.J.Super. 213, 222-24, 687 A.2d 1052 (App.Div.1997) (holding the same regarding the public policy considerations of the entire controversy doctrine); Param Petroleum Corp. v. Commerce and Indus. Ins. Co., 296 N.J.Super. 164, 170-71, 686 A.2d 377 (App.Div.1997) (holding the same in relation to statutes involving insurance litigation).
In New Jersey, the enforceability of forum selection clauses is governed by requirements of notice, Caspi, supra, 323 N.J.Super. at 126, 732 A.2d 528, and reasonableness, see Restatement (Second) of Conflicts of Laws § 80 (1969)(revised 1988) (cited in Kubis, supra, 146 N.J. at 188, 680 A.2d 618). Whether these requirements have been met is a question of law, see Caspi, supra, 323 N.J.Super. at 126, 732 A.2d 528, reviewable on appeal on a de novo basis, Manalapan Realty, L.P. v. Township Committee of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995).
The notice and reasonableness requirements have their source in this State's policies promoting fundamental fairness. In the circumstances presented here, they weigh against enforcement of the clause currently before us. From the "four corners of the instrument" a prospective lessee cannot identify the jurisdiction in which an action will be brought, as the contract states in the most general terms that the proper forum is contingent upon the location of an unnamed assignee's principal office. On the face of the provision itself, it is fair to assume that the assignee's identity may be unknown even to the lessor at the time the contract is created.
These latter factors serve to distinguish Shelter Systems, in which a facially non-specific forum selection clause was held to be enforceable. The forum selection provision there stated that suit should be brought "only in courts located in the State where Seller's principal place of business is located." Shelter Systems, supra, 263 N.J.Super. at 375, 622 A.2d 1345. Defendants contended that the provision should have been considered invalid based on the fact that they did not know where *776 the relevant principal place of business was when they signed the contract. We disagreed.
It is tempting to rule that it does not matter if they did not know; having agreed to a forum in which to litigate disputes, they should have inquired where it was. It is clear, however, that defendants were in possession of facts that should have alerted them that New Jersey was involved. For example, defendants executed a credit application and guarantee on plaintiff's letterhead, which showed addresses for five offices. The first one listed was the New Jersey location. The remaining four were in other states, and they all related to differently named local subsidiaries or divisions of plaintiff. No one who merely glanced at the letterhead would be surprised to find that plaintiff's principal place of business was in New Jersey.

[Ibid. (footnote omitted).]
Here, defendant had no such notice.
Enforcing a clause such as the one at issue here is also inconsistent with the doctrinal underpinnings of the majority rule that forum selection clauses should be given effect. The rule rests, at least in part, on the idea that in a realm of free contract the parties should be allowed to agree in advance to a mutually satisfactory forum, thus insuring a predictable and neutral locus for the resolution of any dispute. M/S Bremen, supra, 407 U.S. at 10-16, 92 S.Ct. at 1913-16, 32 L.Ed.2d at 520-23. We fail to see how the instant clause furthers these objectives. The fact that the forum selection clause before us could easily have resulted in a "proper forum" anywhere in the entire countrya forum that would not be identifiable until sometime after the agreement was entered intoviolates the notice requirement of Caspi/Shelter Systems and militates in favor of a finding that the clause is both unfair and unreasonable as measured by Restatement standards. See Restatement (Second) of Conflict of Laws § 80 (1988).
It is worth noting that the unreasonableness also offends the public policy of Missouri as we understand it. Were it not for the clause at issue, Missouri would have have been the logical venue for this suit and, except for the choice of law provision in the same clause, Missouri law would govern. The matter would have fallen under the purview of Article 2A of the Uniform Commercial Code, enacted earlier in Missouri than it was in New Jersey. See Mercedes-Benz Credit Corp. v. Lotito, 306 N.J.Super. 25, 34, 703 A.2d 288 (App.Div.1997) (noting January 10, 1995, as Article 2A's effective date in New Jersey); Doss v. Syntex Agribusiness, 901 S.W.2d 293, 294 n.1 (Mo.Ct.App.1995) (noting that Missouri adopted Article 2A in 1992; see Mo.Rev.Stat. § 400.2A-108 (1999)). Section 108 of Article 2A deals with unconscionable clauses in lease agreements. Although Missouri once subscribed to the minority rule that forum selection clauses were per se invalid, the current rule in Missouri is that forum selection clauses are enforceable as long as they are not unfair or unreasonable. High Life Sales Co. v. Brown-Forman Corp., 823 S.W.2d 493, 497 (Mo.1992)[2]; see also Leasefirst v. Hartford Rexall Drugs, Inc., 168 Wis.2d 83, 483 N.W.2d 585 (Wis.Ct.App.), rev. den'd., 490 N.W.2d 24 (Wis.1992). It may well be that once the matter is litigated in a proper forum, even the choice of law provision in the clause under reviewinsofar as it fails to identify a jurisdiction may be deemed to be ineffective by reason of the same notice and reasonableness tests.
*777 In the light of our determination that the forum selection provision of the parties' contract is unenforceable under New Jersey law, the other points of error raised by the defendant are moot.
Our holding that the forum selection clause is unenforceable effectively deprives our courts of jurisdiction over this matter. New Jersey's long-arm rule allows for jurisdiction to the limits of due process, so that an "exercise of jurisdiction... is measured by such minimal contacts with the forum state so that maintenance there of suit does not offend traditional notions of fair play and substantial justice." Pressler, Current N.J. Court Rules, comment 9 on R. 4:4-4 (1999); see also Waste Management Inc. v. Admiral Ins. Co., 138 N.J. 106, 649 A.2d 379 (1994), cert. den'd, 513 U.S. 1183, 115 S.Ct. 1175, 130 L. Ed.2d 1128 (1995). Here, defendant alleges that he owns no property in New Jersey and has not even visited the State for over three years; and the business transaction from which this case arose was conducted outside of New Jersey by non-New Jersey residents and corporations. Without a basis for applying the forum selection/choice of law clause at issue, New Jersey cannot constitutionally assert jurisdiction over this defendant.
The judgment of the trial court is reversed; and the complaint is dismissed for lack of jurisdiction.
STERN, P.J.A.D. (concurring).
On September 14, 1994, defendant Alvin Shapiro, an attorney, leased a Konica 3135 copier system from American Business Credit Corporation for use by his law firm in Kansas City, Missouri. The supplier was EBE Danka, and paragraph 13 of the agreement provided in all capital letters (the only paragraph containing all capital letters):
CHOICE OF LAW: THIS RENTAL AND EACH SCHEDULE SHALL BE GOVERNED BY THE INTERNAL LAWS FOR THE STATE IN WHICH OUR OR OUR ASSIGNEE'S PRINCIPAL CORPORATE OFFICES ARE LOCATED. YOU CONSENT TO THE JURISDICTION OF ANY LOCAL, STATE OR FEDERAL COURT LOCATED WITHIN OUR OR OUR ASSIGNEE'S STATE, AND WAIVE ANY OBJECTION RELATING TO IMPROPER VENUE.
Shortly after its execution, American Business Credit Corporation assigned the agreement to plaintiff, which commenced this action in the Law Division. There is no dispute that plaintiff's principal office is in New Jersey.
On January 29, 1997, the law firm of Page, Scrantom, Sprouse, Tucker & Ford, P.C., leased two Konica copiers from the American Business Credit Corporation for use in its law office in the State of Georgia. The supplier of the leased equipment was also Danka, and the same paragraph 13 was embodied in the Page, Scrantom agreement. In fact, it appears that the identical lease form was utilized. See Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C., 21 F.Supp.2d 465, 467-68 (D.N.J.1998). Shortly after execution of the Page, Scrantom lease, American Business Credit Corporation, a Danka company, assigned the lease to Danka Funding, L.L.C., which claimed to have its principal office in New Jersey, and filed suit against the Georgia law firm, just as this plaintiff filed suit against defendant. Page, Scrantom removed the action to the federal District Court and unsuccessfully moved there to dismiss for lack of jurisdiction and for transfer of venue. The only material difference between this case and Danka Funding is the result, and I therefore pause to consider the impact of the federal precedent. In my view the result of a case such as this should not turn, as it does here, on whether the defendant removed the matter to federal court on the basis of *778 diversity.[3]Cf. Hellwig v. J.F. Rast & Co., Inc., 215 N.J.Super. 247, 254-55, 521 A.2d 896 (App.Div.1987) (Stern, J.A.D., concurring), aff'd, 110 N.J. 37, 538 A.2d 1243 (1988). See also Dewey v. R.J. Reynolds Tobacco Co., 121 N.J. 69, 80, 577 A.2d 1239 (1990).
Given Danka Funding's reference to choice-of-law principles and New Jersey law (except for its discussion of federal constitutional principles and of procedural issues not relevant to the case before us), that decision cannot be distinguished on the basis that it emanates from a federal court. Moreover, there is no dispute that in personam jurisdiction can flow from a valid forum selection clause, see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471 n. 14, 105 S.Ct. 2174, 2182 n. 14, 85 L.Ed.2d 528, 540 n. 14 (1985); M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513, 522-23 (1972), and that there is a strong presumption in favor of enforcement of such clauses. Bremen, supra, 407 U.S. at 14-15, 92 S.Ct. at 1915-16, 32 L.Ed.2d at 523; Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir.), cert. denied, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983). Furthermore, I believe that a forum selection clause has particular significance when it is part of a commercial agreement voluntarily entered by a sophisticated business person. See Danka Funding, supra, at 470-72; cf. Reynolds Publishers, Inc. v. Graphics Fin. Group, Ltd., 938 F.Supp. 256, 264 (D.N.J.1996). As the court noted in Danka Funding:
[W]here a forum-selection clause professing consent to jurisdiction in the state where a party's or its assignee's principal place of business lies is part of an agreement in a sophisticated business transaction, and one party to the agreement is a law firm, the forum-selection clause is valid absent fraud, serious inconvenience, or a violation of public policy, notwithstanding that the law firm was unaware of the assignee's principal place of business at the time of signing the agreement. The law firm, because it professes to be bound by such an agreement, must make any inquiries it feels necessary to ascertain the identity of the assignee before it enters into the agreement. Failure to so inquire will result in the Court's conclusion that the law firm has consented to jurisdiction wherever the party's or its assignee's principal place of business lies.

[21 F.Supp.2d at 472.]
I share that general view. I am further troubled by the prospect that plaintiff, which obtained a $40,462.22 judgment in New Jersey, may not be able to collect any amount to which it may be entitled if the Missouri statute of limitations has run and defendant does not consent to waive the statute, issues not addressed by the parties before us. Cf. Byrnes v. Landrau, 326 N.J.Super. 187, 194, 740 A.2d 1113 (App.Div.1999), certif. denied, 163 N.J. 78, 747 A.2d 286 (2000).
I nevertheless join the opinion of the court. Federal District and Circuit court opinions, while of precedential value, are not binding upon us even with respect to federal issues. Dewey, supra, 121 N.J. at 78-80, 577 A.2d 1239; State v. Coleman, 46 N.J. 16, 37, 214 A.2d 393 (1965), cert. denied, 383 U.S. 950, 86 S.Ct. 1210, 16 L.Ed.2d 212 (1966). Moreover, State courts are final arbitrators of issues of State law, including the law governing its jurisdiction (unless inconsistent with the requirements of the federal constitution, as interpreted by the United States Supreme Court). See, e.g., Three Affiliated Tribes v. Wold Engineering, P.C., 467 U.S. 138, 151-52, 104 S.Ct. 2267, 2276, 81 L.Ed.2d 113 (1984); Small v. Department of Corrections, 243 N.J.Super. 439, 444, 579 A.2d 1263 (App.Div.1990). See also R. 2:12A, effective January 3, 2000, which permits the United States Court of Appeals for the Third Circuit *779 to certify questions of State law to our Supreme Court.
After balancing the relevant factors, I join the opinion of the court because, as I read the "unreasonable and unjust" standard established in Bremen for enforcement of a forum selection clause, Bremen, supra, 407 U.S. at 15, 92 S.Ct. at 1916, 32 L.Ed.2d at 523, this case crosses the line. See, generally, e.g., Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622, 633 (1991); Kubis & Perszyk Assoc., Inc. v. Sun Microsystems, Inc., 146 N.J. 176, 186-92, 680 A.2d 618 (1996). New Jersey had no relation to the transaction, or any direct party to it, and the agreement referred to the principal office of any possible assignee in any State, without any limitation. In these circumstances, I am persuaded that my colleagues are correct and I join their opinion.
NOTES
[1] Apparently the assignment only covered the rights to the payment stream. The record before us suggests that ABCC retained ultimate title to the machine.
[2] Section 106 of Article 2A specifically forbids the enforcement of a forum selection provision in a consumer lease where the resulting court would not otherwise have jurisdiction over the lessee. Mo.Rev.Stat. § 400.2A-106(2) (1999). Although the instant contract is not a consumer lease, Mo.Rev.Stat. § 400.2A-103(e) (1999), we find this section to be informative in terms of the unfairness/unreasonableness of a forum selection clause such as the one presently before us.
[3] In an unpublished opinion, another federal judge also ruled for this plaintiff in an unrelated action involving the same form of equipment lease. See R. 1:36-3.