On this appeal from an order of Judge Ann T. Mannen that denied St. Mark's and Reverend Campbell's Civ.R. 60(B) motion, I agree that it should be reversed but, rather than vacate the foreign judgment, I would remand for consideration of the motion under R.C. 2329.022 and Civ.R. 60(B) standards of review.
In Copelco Capital, Inc. v. Shapiro (2000), 331 N.J. Super. 1,750 A.2d 773, an appeal from the same Bergen County Superior Court (Law Division, Civil Part) that entered the order in the present matter, the Appellate Division of the Superior Court determined, in part, that a substantially similar clause in a copier lease did not provide notice of the forum and militates in favor of a finding that the clause is both unfair and unreasonable as measured by Restatement standards. Id., at 6,750 A.2d at 776. Citing Restatement (Second) of Conflict of Laws Sec. 80 (1988). Under Shapiro, the foreign judgment at issue may be voidable but, because of the meager record before this court and the lack of a hearing below, Kay v. Marc Glasman, Inc. (1996), 76 Ohio St.3d 18, 19,665 N.E.2d 1102, I cannot conclude that the judgment is void. I would, therefore, remand for further proceedings.