MOORE, Judge.
Medical Transcript[1] appeals from a judgment of the Walker Circuit Court (“the trial court”) granting a motion filed by Walker Rural Health a/k/a Walker Rural Health Corporation (“Walker”) seeking relief from a foreign judgment. We reverse and remand with instructions.

Procedural History

On May 9, 2012, Medical Transcript filed a petition in the trial court to register a *88 foreign judgment, see Ala.Code 1975, § 6-9-230 et seq. (the Uniform Enforcement of Foreign Judgments Act); it attached to its petition the affidavit of Medical Transcript’s attorney and a copy of a judgment entered by the Superior Court of New Jersey, Law Division — Special Civil Part (“the New Jersey court”) against Walker in the total amount of $9,550.11, plus post-judgment interest (“the foreign judgment”). Medical Transcript filed a motion seeking the entry of a final judgment in its favor on July 9, 2012. On October 29, 2012, Walker filed an answer and a counterclaim, alleging breach of contract and negligence. Medical Transcript filed an answer to Walker’s counterclaim on December 20, 2012, asserting a number of affirmative defenses. On March 14, 2013, Medical Transcript filed a motion to dismiss Walker’s counterclaim and to enter a final judgment.
On April 22, 2014, Medical Transcript filed another motion to dismiss Walker’s counterclaim and to register the foreign judgment. On June 3, 2014, Walker filed a motion for relief from the foreign judgment, pursuant to Rule 60(b)(4), Ala. R. Civ. P. See Bartlett v. Unistar Leasing, 931 So.2d 717, 720 n. 2 (Ala.Civ.App.2005) (holding that a Rule 60(b)(4) motion is an appropriate mechanism to vacate a domesticated foreign judgment). Medical Transcript filed a response to Walker’s motion on June 4, 2014. A hearing was held on that same date. On June 6, 2014, the trial court entered an order granting Walker’s motion for relief from the foreign judgment, based on its determination that Medical Transcript “did not meet its burden of proof in proving personal jurisdiction,” and denying Medical Transcript’s motion to dismiss Walker’s counterclaim. The trial court noted that the case would be set for a trial on the merits of Walker’s counterclaim in November 2014. The trial court entered an amended order on June 23, 2014, certifying the June 6, 2014, order as final, pursuant to Rule 54(b), Ala. R. Civ. P. Medical Transcript filed its notice of appeal to this court on July 31, 2014.[2]

Standard of Review

“[W]e first note that ‘[t]he standard of review on appeal from an order granting relief under Rule 60(b)(4), Ala. R. Civ. P. (“the judgment is void”), is not whether the trial court has exceeded its discretion. When the decision to grant or to deny relief turns on the validity of the judgment, discretion has no field of operation.’ Ex parte Full Circle Distribution, L.L.C., 883 So.2d 638, 641 (Ala.2003). ‘If the judgment is valid, it must stand; if it is void, it must be set aside.’ Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala.1991). Thus, our standard of review is de novo. Kingvision Pay-Per-View, Ltd. v. Ayers, 886 So.2d 45, 51 (Ala.2003).”
Ex parte Trinity Auto. Servs., Ltd., 974 So.2d 1005, 1009-10 (Ala.Civ.App.2006).

Analysis

Medical Transcript argues two points on appeal: (1) that the trial court erred in placing the burden on Medical Transcript of proving that the New Jersey court had jurisdiction to enter the foreign judgment against Walker -and (2) that the trial court erred in finding that the New Jersey court had lacked jurisdiction over Walker such that the foreign judgment was void. We do not address the first *89 issue because we find the second issue dispositive of this appeal.[3]
The underlying dispute arose out of an alleged breach of a written contract between Medical Transcript and Walker. That contract, which Medical Transcript attached to its first motion to dismiss, contained the following clause:
“XIV- CHOICE OF LAW; FORUM. This Agreement shall be interpreted, construed and enforced in all respects in accordance with the laws of the State of New Jersey, excluding its conflict of laws principles. The parties irrevocably agree that any action to enforce the provisions of this Agreement or arising under or by reason of this Agreement shall be brought solely in the Superior Court of New Jersey, Somerset County venue.”
(Capitalization in original; emphasis added.) By executing the contract, Walker agreed that any litigation to enforce the terms of the contract would be maintained in the New Jersey court.
“The exercise of personal jurisdiction by a state court over a nonresident defendant must comport with the due-process clause of the Fourteenth Amendment to the United States Constitution. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 164, 90 L.Ed. 95 (1945). ‘[Tjhe personal jurisdiction requirement is a waivable right,’ however, and .there are a ‘“variety of legal arrangements” by which a litigant may give “express or implied consent to the personal jurisdiction of the court.” ’ Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n. 14, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). One such legal arrangement is an agreement by both parties to a contract that they will submit to the courts of a particular forum a dispute arising from the contract. See-id. ‘Where such forum-selection provisions have been obtained through “freely negotiated” agreements and are not “unreasonable and unjust,” ... their enforcement does not offend due process.’ Id. (quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).”
Ex parte Trinity Auto. Servs., Ltd., 974 So.2d at 1010.
In the present case, the contract is governed by New. Jersey law. Under New Jersey law, a forum-selection clause is generally enforceable unless it is the result of “fraud or coercive bargaining power,” unless enforcement of the clause would “be seriously inconvenient for the trial,” or unless enforcement of the forum-selection provision violates a “strong public policy of the local forum.” Shelter Sys. Grp. Corp. v. Lanni Builders, Inc., 263 N.J.Super. 373, 375, 622 A.2d 1345, 1346 (App.Div.1993). Walker does not assert that the parties’ contract as a whole or the forum-selection clause in particular resulted from fraud or coercive bargaining power, that enforcement of the 'Clause would be seriously inconvenient for the trial, or that the forum-selection clause violates a strong public policy of Alabama or New Jersey. New Jersey law also recognizes that a valid forum-selection clause expands the personal jurisdiction of a court to include a signatory who would not otherwise have sufficient minimum contacts with the state. See Blakey v. Continental Airlines, Inc., 164 N.J. 38, 66, 751 A.2d 538, 554 (2000); see also Group Health Inc. v. Tagayun (March 6, 2009) (N.J.Super.-App.Div.2009) (not reported in A.2d) (explaining reason *90 ing of Blakey ).[4] Hence, through the forum-selection clause, Walker validly submitted itself to the jurisdiction of the New Jersey court even if Walker may not have had any other contacts with the State of New Jersey sufficient to satisfy due-process requirements for personal jurisdiction.
Based on the forum-selection clause, the New Jersey court had personal jurisdiction over Walker when it entered the foreign judgment. Accordingly, we reverse the trial court’s judgment and remand the case to the trial court with instructions that it vacate its order granting Walker’s motion for relief from the foreign "judgment, to enter an order consistent with this opinion, and to conduct further proceedings as necessary.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN/ THOMAS, and DONALDSON, JJ., concur.

. The full name of this entity is not apparent from the record before this court. However, the contract on which Medical Transcript based its claims identifies the party to the contract as "Medical Transcription Billing, Coip.”

. The appellate proceedings were stayed until February 27, 2015. Subsequently, after Medical Transcript filed its brief, Walker filed a motion to stay briefing, which this court granted. That stay was lifted on July 9, 2015. The appeal was submitted to the court for decision on August 3, 2015.

. However, we note that ‘‘[t]he party challenging the foreign judgment on jurisdictional grounds has the burden to produce evidence to overcome the presumption [of valid jurisdiction].” Century Int'l Mgmt. v. Gonzalez, 601 So.2d 105, 107 (Ala.Civ.App.1992).

. Because New Jersey law holds that a forum-selection clause is an independent and sufficient basis for personal jurisdiction, this case is distinguishable from Ex parte Kenco Signs & Awning Division, Inc., 732 So.2d 1019 (Ala.Civ.App.1999), in which this court determined that, under Florida law, a forum-selection clause alone could not confer personal jurisdiction on a Florida court. 732 So.2d at 1024 (citing McRae v. J.D./M.D., Inc., 511 So.2d 540 (Fla.1987)).