DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Preferred Capital, Inc., appeals the judgment of the Summit County Court of Common Pleas, which dismissed its breach-of-lease complaint for lack of personal jurisdiction. This Court reverses.
 I. {¶ 2} Appellant is a company licensed to do business in Ohio, and has its principal place of business in Brecksville, Ohio, in Cuyahoga County. NorVergence, Inc. is a New Jersey corporation, engaged in the leasing of certain telecommunications equipment and services. On September 30, 2003, appellant entered into a Master Program Agreement with NorVergence, in which NorVergence agreed that it would assign to appellant its rights, title and interest in certain rental agreements and rented equipment, subject to appellant's approval of the individual rental agreements. This appeal concerns a rental agreement that NorVergence entered into with appellees, Al Lou Builders Supply, Inc. and Ronald Reyes, and which NorVergence subsequently assigned to appellant. In the rental agreement, appellees agreed to make monthly payments for sixty months in exchange for the receipt and delivery of the rented equipment. Appellee Al Lou Builders Supply, Inc. is a corporation with its principal place of business in California, and appellee Reyes is an individual resident of the state of California.
 {¶ 3} The equipment rental agreement further addressed assignment and provided that any assignee to the agreement would have the same rights that NorVergence had under the agreement, but would not take on NorVergence's obligations thereunder. The agreement also provided that appellees would not assert against the assignee any claims, defenses or set-offs they might have against NorVergence.
 {¶ 4} The rental agreement also contained a section entitled "APPLICABLE LAW," which provided in pertinent part, the following forum selection clause:
"This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option. You hereby waive right to a trial by jury in any lawsuit in any way relating to this rental."
After execution and assignment of this agreement, appellant sent notice of the assignment to appellees with instructions to send all rental payments to appellant at its business address in Brecksville, Ohio.
 {¶ 5} On October 19, 2004, appellant filed a complaint against appellees for breach of the lease agreement, asserting that appellees defaulted on their monthly payment obligations under the terms of the agreement. Appellant filed its complaint in the Summit County Court of Common Pleas pursuant to the agreement's forum selection clause.
 {¶ 6} In lieu of an answer, appellees filed a Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction. Appellees asserted that the forum selection clause was unenforceable, because it did not specify a particular forum, because appellees did not have the requisite minimum contacts with the State of Ohio to satisfy the long-arm statute, R.C. 2307.382, and because the entire contract was invalid due to fraud in the inducement. Appellees further argued that an exercise of jurisdiction in Ohio would not comport with due process. Appellees also argued that appellee Ronald Reyes should be dismissed, because he was a mere individual entering into a consumer contract of adhesion. Finally, appellees argued that appellant has filed over 400 similar cases in Ohio, which cases have resulted in inconsistent decisions regarding the issue of venue and enforceability of the forum selection clause. Appellant filed a response in opposition to the motion to dismiss, asserting that the forum selection clause is valid and enforceable.
 {¶ 7} The trial court granted appellees' motion to dismiss, finding the forum selection clause too vague to merit enforcement, that enforcement of the clause in this case would be unreasonable and unjust, and that appellant had failed to establish that appellees have the requisite minimum contacts with Ohio so that an Ohio court might exercise personal jurisdiction over appellees. Appellant timely appeals, setting forth two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN FINDING THAT IT LACKED PERSONAL JURISDICTION OVER THE DEFENDANTS BECAUSE THE APPLICABLE CONTRACTS CONTAINED A VALID FORUM SELECTION CLAUSE THAT CONFERRED JURISDICTION UPON OHIO COURTS."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN FINDING THAT IT LACKED PERSONAL JURISDICTION OVER THE DEFENDANTS BECAUSE THE DEFENDANTS HAVE MINIMUM CONTACTS TO THE STATE OF OHIO."
 {¶ 8} In its first assignment of error, appellant contends that the trial court erred in concluding that the forum selection clause was unenforceable. In its second assignment of error, appellant argues that the trial court erred when it found that it lacked personal jurisdiction over appellees due to the absence of minimum contacts with the State of Ohio.
 {¶ 9} This Court has previously addressed substantially the same issues in Preferred Capital, Inc. v. Power Eng. Group,Inc., 9th Dist. Nos. 22475, 22476, 22477, 22478, 22485, 22486, 22487, 22488, 22489, 22497, 22499, 22506, 22513, 2005-Ohio-5113, and Preferred Capital, Inc. v. Ferris Bros., Inc., 9th Dist. Nos. 22581, 22604, 22605, 22606, 22607, 22608, 22609, 22610, 22611, 22612, 22613, 22614, 22615, 22616, 22617, 22618, 22619,2005-Ohio-6221. On the basis of our prior precedent, this Court sustains appellant's first assignment of error and declines to address appellant's second assignment of error.
 III. {¶ 10} Appellant's first assignment of error is sustained. This Court declines to address appellant's second assignment of error. The judgment of the Summit County Court of Common Pleas, which granted appellees' motion to dismiss for lack of personal jurisdiction, is reversed, and the cause is remanded to the trial court for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
Exceptions.
Reader, J. Reece, J. concurs.
Carr, P.J. Concurs in judgment only, saying:
 {¶ 11} I write separately to state that, although I disagree with this Court's precedents, I concur on the basis of stare decisis.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)