DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Kyle Figley, appeals from a judgment of the Wayne County Court of Common Pleas, Juvenile Division, which awarded custody of his son to the boy's mother, Appellee, Heather Corp. We affirm.
 I. {¶ 2} Mr. Figley and Ms. Corp are the unwed parents of a healthy male child, born June 21, 2003. Prior to the pregnancy, the two were sexually intimate but lived separately and held divergent life plans and beliefs. While Mr. Figley sought a family situation, Ms. Corp had no such desire. On September 5, 2003, Ms. Corp and the infant child left Ohio and traveled to Las Vegas, Nevada, to visit an acquaintance. On September 20, 2003, Ms. Corp telephoned to inform Mr. Figley that she intended to remain. In response, Mr. Figley flew to Las Vegas and brought the child back to Ohio, with Ms. Corp's permission and blessing.
 {¶ 3} On October 1, 2003, Mr. Figley filed a complaint for custody and requested an ex parte order of emergency temporary custody, supported with an affidavit attesting that Ms. Corp's whereabouts were unknown and the child's safety and welfare were at risk. The court granted the temporary order and set the case for a hearing. When Ms. Corp returned on October 5, 2003, Mr. Figley presented the court order. Ms. Corp intended to pursue her relationship in Las Vegas, and wanted the child to return with her to Las Vegas. However, during the pendency of the proceedings, the child remained with Mr. Figley, as per the order.
 {¶ 4} The court heard the case on March 19, 2004, and issued a judgment entry on April 12, 2004, which included findings of fact, conclusions of law and an order allocating parental rights to Ms. Corp. Among the findings of fact, the court stated that Mr. Figley and Ms. Corp appeared equally capable of caring for the child and noted that each offered the child a proper home and a stable, supportive environment. The court expressed some concern over prior indiscretions by each parent, but ultimately found it in the child's best interest that he should reside with his mother. In reaching this conclusion, the court specifically addressed each of the ten R.C. 3109.04(F)(1) factors and weighed the totality as arising in this case.
 {¶ 5} Thereafter, the court ordered visitation for Mr. Figley and set out the appropriate child support. Mr. Figley timely appealed, asserting two assignments of error. We combine these assignments of error to facilitate review.
 II. First Assignment of Error
"The trial court's decision to award legal custody of the minor child to the appellee is against the manifest weight of the evidence presented to the court and an error as a matter of law."
 Second Assignment of Error
"The trial court's decision to award legal custody of the minor child to the appellee is an abuse of discretion as the court failed to properly apply equal standing to both parents herein as the premise to which the factors outlined by R.C. 3109.04(F)(1) and to properly address the factor of one parent relocating their residence outside the state of ohio."
 {¶ 6} Mr. Figley asserts that the trial court erred and abused its discretion by employing a gender bias in favor of Ms. Corp, and correspondingly undervaluing the effect that relocation will have on the child. We disagree.
 {¶ 7} This Court reviews a trial court's decision in a custody proceeding for an abuse of discretion, to the extent that "the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct." Miller v. Miller (1988),37 Ohio St.3d 71, 74. An abuse of discretion is more than a mere error of judgment or law, but instead is a finding that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Significantly, under the abuse of discretion standard, this Court may not merely substitute its judgment for that of the trial court. Pons v. Ohio St. Med Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 8} Mr. Figley's first claim is that the trial court employed a gender bias against him and in favor of Ms. Corp. Notably, an appellant has the burden on appeal. See App.R. 16(A)(7); Loc.R. 7(A)(7). However, Mr. Figley has not supported his accusation of gender bias with anything more than his distaste for the outcome. Mr. Figley has not directed this Court's attention to any statement, reasoning or circumstance that would support his accusation, and nothing in the trial court's judgment entry supports it.
 {¶ 9} Mr. Figley's other claim contends that the trial court undervalued the adverse effect that relocation to Las Vegas will have on the child, and urges that any such relocation is necessarily not in the best interests of a child. We disagree, as we never have and do not now find mere relocation of a custodial parent to be a sole dispositive factor in deciding the best interests of a child. See, e.g., Hutchisonv. Henderson, 9th Dist. No. 20862, 2002-Ohio-4521, at ¶ 28-37 (analyzing a case peculiarly on point and finding the best interests of the child to involve custody with the mother, even though she was relocating to Atlanta, Georgia); Roberts v. McGrady (May 10, 1995), 9th Dist. No. 16986, at *15-18 (finding it in the best interests of the child to be with the father, even though he was relocating to Nashville, Tennessee). Cf. In re Longwell (Aug. 30, 1995), 9th Dist. Nos. 94CA006006 and 94CA006007, at *19 (there exists "a line of cases which hold that the sole fact that the custodial parent desires to move out of state with the child is insufficient, standing alone, * * * to warrant a change in custody").
 {¶ 10} Under this analysis, "R.C. 3109.04(B)(1) governs initial custody awards and requires that a trial court making an initial custody award apply a `best interest of a child' test. In applying this test, a court should consider all relevant factors, including, but not limited to, those set forth in R.C. 3109.04(F)(1) (a-j)." (Internal citation omitted.) Hutchison at ¶ 8. In the present case, the trial court individually addressed each of the ten factors in its judgment entry, including Ms. Corp's residence in Las Vegas, which the court did not find determinative. While the record supports the fact that both maternal and paternal grandparents reside in Wooster and might provide significant support for the child, this is but one factor to be considered by the trial court. It did not dictate the court's decision.
 {¶ 11} Upon careful consideration of each of the factors, as well as other considerations, the trial court concluded that the best interests of the child favored custody with Ms. Corp. Therefore, on review, we cannot say that the trial court abused its discretion in reaching this conclusion and we are not at liberty to interject our own views without finding an abuse of discretion. Mr. Figley's assignments of error are overruled.
 III. {¶ 12} Mr. Figley's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Moore, J., concur.