**PREFERRED CAPITAL, INC., Appellant,**

v.

**FERRIS BROTHERS, INC. et al.,**

[Cite as *Preferred Capital, Inc. v. Ferris Bros., Inc.,*
167 Ohio App.3d 653, 2005-Ohio-6221.]

Court of Appeals of Ohio,
Ninth District, Summit County.

Nos. 22581, 22604, 22605, 22606, 22607, 22608, 22609, 22610, 22611,
22612, 22613, 22614, 22615, 22616, 22617, 22618 and 22619.

Decided Nov. 23, 2005.

Tamara A. O'Brien and Jason E. Hickman, for appellant.

Matthew O'Connell, Victoria D. Barto, and Douglas R. Simek, for appellees Ferris Bros., Inc., Carolon Company, Inc., and Ducci Kitchens, Inc.

Richard P. Martin and David C. Perduk, for appellee Tri County Air Conditioning–Heating, Inc.

Julius P. Amourgis, for appellee Shaw Management Corp.

Mark S. Shearer, for appellees Richardson Engineering Group, Inc., Senderx Cargo, Inc., Steger, Gowie & Co., Inc., Su–Ray Insurance Agency, Inc. et al.

Gregory Glick, for appellee Plyley Enterprises, Inc.

James R. Russell Jr., for appellees Scan Tool & Mold, Inc. et al.

Jack B. Cooper and John S. Kaminski, for appellees Turner's Consumer Appliance Service, Inc. et al.

Bradley A. Wright and Jerome G. Wyss, for appellees Composition One, Inc., Integrated Employment and Community Enterprises, Pacific Fasterners, Inc., Sailing Associates, Inc., Summerlin, Inc. d.b.a. Summerlin Fence & Feed et al.

PER CURIAM.

{¶ 1} Appellant, Preferred Capital, Inc., appeals from multiple judgments in the Summit County Court of Common Pleas that dismissed its breach-of-lease complaints for lack of personal jurisdiction. This court reverses.

{¶ 2} The substantive facts of this appeal were discussed at length by this court in *Preferred Capital, Inc. v. Power Eng. Group, Inc.*, 163 Ohio App.3d 522, 2005-Ohio-5113, 839 N.E.2d 416, at ¶ 2–9, and they will not be reiterated here. However, we do note that in the instant appeal appellees contest whether the leases that are the subject of this action are negotiable instruments, but that

factor is not pertinent to our analysis. The instant appeals [1] involve the same questions of law presented previously, i.e., whether the "floating forum selection" clause presented below is enforceable.

> This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Renter's principal offices are located or, if this Lease is assigned by Renter, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Renter or Renter's assignee's sole option. You hereby waive right to a trial by jury in any lawsuit in any way relating to this rental.

In each of these 17 cases, the trial court found that the clause was unenforceable and that Ohio lacked personal jurisdiction over appellees. As a result, the trial court dismissed each of the complaints filed by appellant. Appellant timely appealed the trial court's judgments, raising two assignments of error for our review.

## ASSIGNMENT OF ERROR I

> The trial court erred in finding that it lacked personal jurisdiction over [appellees] because the applicable contracts contained a valid forum selection clause that conferred jurisdiction upon Ohio courts.

■ {¶ 3} In its first assignment of error, appellant asserts that the trial court erred in concluding that the forum-selection clause was unenforceable. We agree.

■ {¶ 4} Although this appeal stems from a Civ.R. 12(B)(2) dismissal, the primary issue before this court concerns a question regarding the trial court's interpretation of the agreement. If the terms of a contract are clear and unambiguous, then their interpretation is a question of law. *Beckler v. Lorain City School Dist.* (July 3, 1996), 9th Dist. No. 95CA006049, 1996 WL 364974, at *2, citing *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377. Questions of law are reviewed by an appellate court de novo. *Butler v. Joshi* (May 9, 2001), 9th Dist. No. 00CA0058, 2001 WL 489962, at *2. Because we review questions of law de novo, we do not give deference to the trial

---

1. The appellees herein are (1) Ferris Bros., Inc., (2) Carolon Co., Inc., (3) Ducci Kitchens, Inc., (4) Richardson Engineering Group, Inc., (5) Senderex Cargo, Inc., (6) Steger, Gowie & Co., Inc., (7) Su–Ray Insurance Agency, Inc., (8) Plyley Enterprises, Inc., (9) Scan Tool & Mold, Inc., (10) Turner's Consumer Appliance Service, Inc., (11) Composition One, Inc., (12) Integrated Emp. & Community Enterprises, (13) Pacific Fasteners, Inc., (14) Sailing Associates, Inc., (15) Summerlin, Inc., (16) Tri County Air Conditioning–Heating, Inc., and (17) Shaw Management Corporation.

court's conclusions. *Akron–Canton Waste Oil, Inc. v. Safety–Kleen Oil Serv., Inc.* (1992), 81 Ohio App.3d 591, 602, 611 N.E.2d 955; *Tamarkin Co. v. Wheeler* (1992), 81 Ohio App.3d 232, 234, 610 N.E.2d 1042.

{¶ 5} A forum-selection clause contained in a commercial contract between for-profit business entities is prima facie valid. *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.* (1993), 66 Ohio St.3d 173, 175, 610 N.E.2d 987. The clause will be deemed valid and enforceable absent fraud or overreaching, unless it can be demonstrated that enforcement of the clause would be unreasonable and unjust. *Preferred Capital, Inc. v. Sturgil*, 9th Dist. No. 21787, 2004-Ohio-4453, 2004 WL 1882865, at ¶ 23, citing *Kennecorp*, 66 Ohio St.3d 173, 610 N.E.2d 987, syllabus. Additionally, a forum-selection clause will not be invalidated simply due to the lack of sophistication of one of the parties. *Nicholson v. Log Sys., Inc.* (1998), 127 Ohio App.3d 597, 601, 713 N.E.2d 510.

{¶ 6} To invalidate a forum-selection clause based on fraud, it must be established that the fraud relates directly to the negotiation or agreement as to the forum-selection clause itself, and not the contract in general. *Four Seasons Ents. v. Tommel Fin. Servs., Inc.* (Nov. 9, 2000), 8th Dist. No. 77248, 2000 WL 1679456, at *2. "[U]nless there is a showing that the alleged fraud or misrepresentation induced the party opposing a forum selection clause to *agree to inclusion [of] that clause* in the contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause." (Emphasis sic.) Id., citing *Moses v. Business Card Express* (C.A.6, 1991), 929 F.2d 1131, 1138.

{¶ 7} In contrast to the appellees in *Power Eng. Group*, 163 Ohio App.3d 522, 2005-Ohio-5113, 839 N.E.2d 416, appellees herein assert that the forum-selection clause itself (in addition to the entire lease) resulted from fraud by NorVergence, the lessor. Thus, appellees argue that the clause is per se invalid. See *Four Seasons Ents.*, supra, at *2. However, in support of their assertions, appellees merely claim that NorVergence knew of the pending assignment of the lease to appellant before entering into the agreement with appellees. Such a claim does not support a finding of fraud.

{¶ 8} The elements of fraud are as follows:

(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the

representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Russ v. TRW, Inc.* (1991), 59 Ohio St.3d 42, 49, 570 N.E.2d 1076.

{¶ 9} In the instant matter, appellees cite no false statement made by NorVergence. In addition, appellees do not assert that NorVergence concealed a material fact. The agreements between the parties clearly and unambiguously permit NorVergence to assign the lease without limitation. Appellees, therefore, cannot prevail on a claim that they were fraudulently induced into agreeing to the forum-selection clause.

{¶ 10} It is one of the most basic tenets of contract law that a document should be read before being signed and that a party to a contract is presumed to have read what he or she signed and cannot defeat a contract by claiming not to have read it. See, e.g., *Hadden Co., L.P.A. v. Del Spina*, 10th Dist. No. 03AP–37, 2003-Ohio-4507, 2003 WL 22006842, at ¶ 15. See, also, *McAdams v. McAdams* (1909), 80 Ohio St. 232, 241, 88 N.E. 542 ("If this were permitted, contracts would not be worth the paper on which they are written; but such is not the law"). Appellees have not denied the existence of the "floating" forum-selection clause in the contract, and did not contest that the clause was part of the bargained-for terms of the agreement.

{¶ 11} Additionally, appellees had the burden of establishing that it would be unreasonable or unjust to enforce the forum-selection clause. *Discount Bridal Servs., Inc. v. Kovacs* (1998), 127 Ohio App.3d 373, 376–77, 713 N.E.2d 30. "A finding of unreasonableness or injustice must be based on more than inconvenience to the party seeking to avoid the forum-selection clause's requirements." *Information Leasing Corp. v. King*, 155 Ohio App.3d 201, 2003-Ohio-5672, 800 N.E.2d 73, at ¶ 24. See, also, *Sec. Watch, Inc. v. Sentinel Sys.* (C.A.6, 1999), 176 F.3d 369, 374, citing Restatement 2d, Conflict of Laws (1988), Section 80. Mere distance, expense, or hardship to an individual litigant is insufficient to invalidate a forum-selection clause. *Four Seasons Ents.*, supra, at *4; *Nicholson*, 127 Ohio App.3d at 602, 713 N.E.2d 510. So long as the enforcement of the forum-selection clause ultimately does not deprive the litigants of a meaningful day in court, the clause will be upheld. *Information Leasing Corp.* at ¶ 23, citing *Kennecorp*, 66 Ohio St.3d at 176, 610 N.E.2d 987; *Barrett v. Picker Internatl., Inc.* (1990), 68 Ohio App.3d 820, 824, 589 N.E.2d 1372, citing *The M/S Bremen v. Zapata Off–Shore Co.* (1972), 407 U.S. 1, 19, 92 S.Ct. 1907, 32 L.Ed.2d 513, superseded by federal statute (a party must show that the trial in the selected jurisdiction would be "so manifestly and gravely inconvenient * * * that it will be effectively deprived of a meaningful day in court").

{¶ 12} Appellees argue that the forum-selection clause offered no guidance regarding the jurisdiction into which they could be subjected to litigation. Appellant counters that there exists no requirement in Ohio law, by which these agreements are governed, which requires jurisdiction to be stated with particularity. In fact, a number of Ohio courts have upheld forum-selection clauses in commercial contracts in which the jurisdiction is not stated with particularity. See *Gen. Elec. Co. v. G. Siempelkamp GmbH & Co.* (C.A.6, 1994), 29 F.3d 1095, 1097 (upholding a clause which provided that the "place of jurisdiction * * * shall be at the principal place of business of the supplier"); *Bernath v. Potato Servs. of Michigan* (Sept. 30, 2002), N.D.Ohio No. 3:02CV7105, 2002 WL 31233240. See, also, *Preferred Capital v. Flagship Investigations, Inc.* (Dec. 3, 2004), Cuyahoga C.P. No. CV–04–537657 (upholding an identical forum-selection clause, stating that there was "no clear showing that litigating the contract dispute in Cuyahoga County is unreasonable or would result in a manifest injustice"); *Preferred Capital, Inc. v. New Tech Eng., LP* (Mar. 8, 2005), N.D.Ohio No. 5:04CV2301 (upholding an identical forum-selection clause).

{¶ 13} Furthermore, several cases relied upon by appellees to support their reasoning are distinguishable from the instant case. In *Copelco Capital, Inc. v. Shapiro* (2000), 331 N.J.Super. 1, 750 A.2d 773, the New Jersey Superior Court held that the nonspecific forum-selection clause was unenforceable because it did not provide for notice as required by *New Jersey* law. However, the standard enunciated in *Kennecorp* does not evince a notice requirement.

{¶ 14} The second case relied upon by appellees, *Copelco Capital, Inc. v. St. Mark's Presbyterian Church* (Feb. 1, 2001), 8th Dist. No. 77633, 2001 WL 106328, is also distinguishable. In *St. Mark's,* the court chose not to uphold the forum-selection clause. Id. at *4. However, that case involved an agreement with an unsophisticated not-for-profit entity, and was thus essentially treated as a consumer contract rather than a commercial contract. As delineated above, commercial contracts, such as those involved in the instant case, are held to a different standard and enjoy a presumption of validity. See *Information Leasing Corp.* at ¶ 13. Sophistication of the parties in such contracts is not a relevant issue. See *Nicholson,* 127 Ohio App.3d at 601, 713 N.E.2d 510.

{¶ 15} Additionally, appellees argue that enforcement of the clause would result in an injustice as it would effectively deprive them of their day in court, because many of the potential witnesses to the transaction are either Florida or New Jersey residents, and they would incur significant expense in having to travel to and litigate in Ohio. Appellant argues that it is disingenuous of appellees to maintain that they would incur a significantly larger financial expenses in litigating in Ohio as compared to New Jersey, the jurisdiction to which they have admittedly validly consented to in the event the agreements were not assigned to

Preferred Capital. It is hard to imagine that it would be much simpler, financially and physically, to litigate a matter in New Jersey, when appellees reside in Florida, Georgia, Michigan, New Jersey, New York, Pennsylvania, Texas, and Washington. Ultimately, however, mere inconvenience and expense is not sufficient, and we cannot find that the level of inconvenience pled here by appellees, and reiterated by the trial court, amounts a "manifestly" and "grave" difficulty as contemplated by the highest court. See *Bremen,* 407 U.S. at 19, 92 S.Ct. 1907, 32 L.Ed.2d 513.

{¶ 16} In addition, appellee Shaw Management Corp. asserts that the evidence produced by appellant is insufficient to survive a motion to dismiss. Particularly, Shaw asserts that the contract and assignment relied upon by appellant was not produced in its complaint. Shaw argues that the documents attached to appellant's complaint are not those referenced in the complaint and that the attached documents are insufficient to form a claim against Shaw. We disagree.

{¶ 17} The standard of review for a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is de novo. *Hunt v. Marksman Prod., Div. of S/R Industries, Inc.* (1995), 101 Ohio App.3d 760, 762, 656 N.E.2d 726. Dismissal is appropriately granted once all the factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the nonmoving party, and it appears beyond doubt that the nonmoving party cannot prove any set of facts entitling him to the requested relief. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378.

{¶ 18} In its complaint, appellant alleges that a Rental Lease Agreement dated December 16, 2003, was entered into by Shaw with NorVergence. Appellant also alleges that the lease agreement was assigned to it on January 21, 2004, and subsequently breached by Shaw. Assuming those facts as true, appellant has stated a valid claim for breach of contract. Shaw has provided no authority and this court cannot find any authority which would require appellant to produce all of its evidentiary material within its complaint. Accordingly, Shaw's contentions lack merit.

{¶ 19} Based upon the foregoing, we find that the trial court erred when it concluded that the forum-selection clause was thus unenforceable. Therefore, it follows that the judgments in all remaining cases consolidated in this appeal were made in error. Accordingly, appellant's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

The trial court erred in finding that it lacked personal jurisdiction over [appellees] because [appellees] have minimum contacts to the state of Ohio.

{¶ 20} In its final assignment of error, appellant argues that the trial court erred in finding that appellees lacked sufficient minimum contacts with Ohio to justify exercising personal jurisdiction over them. We decline to address appellant's second assignment of error.

■■■ {¶ 21} As we held in *Power Engineering Group* :

When a commercial agreement contains a valid forum-selection clause, a minimum-contacts analysis is not appropriate because the parties have waived the due-process/minimum-contacts requirement for personal jurisdiction by way of the forum-selection clause and have consented to the jurisdiction of the court system specified in the clause. Due to the commercial nature of the contract and our determination * * * that the forum-selection clause is valid and enforceable, the issue of the presence or absence of minimum contacts with Ohio is irrelevant.

(Citation omitted.) 163 Ohio App.3d 522, 2005-Ohio-5113, 839 N.E.2d 416, at ¶ 24. Accordingly, we do not address appellant's second assignment of error.

{¶ 22} Appellant's first assignment of error is sustained and we decline to address appellant's second assignment of error. The judgments of the trial court dismissing appellant's complaints are reversed, and the causes remanded to the trial court for further proceedings consistent with this opinion.

Judgments reversed
and causes remanded.

SLABY, P.J., and WHITMORE, J., concur.

MOORE, J., dissents.

MOORE, Judge, dissenting.

{¶ 23} Under the facts presented, I would find that it is unjust and unreasonable to enforce the forum-selection clause in the manner suggested by appellant. I, therefore, respectfully dissent from the majority's decision.

{¶ 24} The majority notes that appellees have waived any due process requirement regarding personal jurisdiction because the forum-selection clause is valid. See *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.* (1993), 66 Ohio St.3d 173, 174–175, 610 N.E.2d 987. In *Kennecorp*, the court noted that:

the requirement that a court have personal jurisdiction over a party is a waivable right and there are a variety of legal arrangements whereby litigants may consent to the personal jurisdiction of a *particular court system*.

(Emphasis added.) Id. at 175, 610 N.E.2d 987.

To uphold the forum-selection clause presented, this court effectively holds that appellees waived due process requirements in every conceivable jurisdiction at the time they entered into the lease. I find such a position to be untenable.

{¶ 25} In *Kennecorp*, the forum-selection clause limited jurisdiction to Ohio. Id. Accordingly, the court had no reason to determine whether a non-specific forum selection clause could waive personal jurisdiction requirements in *every* state. I would find that it cannot.

{¶ 26} Waiver entails the voluntary relinquishment of a known right or intentionally doing an act inconsistent with claiming that right. *Mondl v. Mondl* (Dec. 5, 2001), 9th Dist. No. 20570, 2001 WL 1545638, at *3. At the time the parties entered into the lease, no mention was made that Ohio was a proper jurisdiction. I, therefore, cannot conclude that appellees voluntarily relinquished their due process rights and waived the personal jurisdiction requirements imposed by both the Ohio and United States Constitutions. Courts, in general, indulge in every reasonable presumption against the waiver of fundamental constitutional rights. *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461, overruled on other grounds by *Edwards v. Arizona* (1981), 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378. I find no reason to abandon such a presumption given the alternative interpretation of the forum-selection clause, i.e., that appellees waived their due process rights under both the federal Constitution and every state constitution and subjected themselves to nationwide jurisdiction with one signature on a lease.[2]

{¶ 27} Accordingly, I would proceed to determine whether appellees had minimum contacts with Ohio to justify invoking personal jurisdiction over them.

When deciding whether a defendant falls within the reach of the long-arm statute, a court should consider three factors:

First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

(Citations omitted.) *Krutowsky v. Simonson* (1996), 109 Ohio App.3d 367, 370, 672 N.E.2d 219.

---

2. The majority's interpretation of this waiver suggests that such a waiver would also include foreign jurisdictions as it places no limits on the concept of the waiver of due process rights.

In the instant matter, the only connection appellees have with Ohio are the leases assigned by NorVergence. It cannot be said, therefore, that appellees purposely availed themselves of the privilege of acting in Ohio.

{¶ 28} As a result, I find that it would be unreasonable and unjust to force appellees to be subjected to litigation in Ohio. I would hold the forum-selection clause unenforceable, as it attempts to waive personal jurisdiction at a national level, without any reference to a specific jurisdiction. As Ohio's long-arm statute cannot be utilized to exercise jurisdiction over appellees, I would affirm the trial court's decision dismissing the cases.