DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Gregory E. Cole, appeals from an order of the Summit County Court of Common Pleas granting a motion for summary judgment in favor of Appellees, Temple Israel, Inc.; Rabbi David A. Lipper; the Board of Trustees; Elaine Jaffe; Ken Weinberger; Michael Neumann; Arthur Krakauer; Laura Lee Garfinkel; and Shirley Hoover. We affirm.
 I. {¶ 2} Appellee Temple Israel, Inc. hired Appellant in July 2002, as an assistant custodian. Appellant had previously held a position with a different employer at a significantly higher rate of pay but accepted the position with Temple Israel to obtain health insurance for his wife, who was in remission from cancer. Appellant initially worked part-time for Temple Israel. He received a favorable performance review and became a full-time employee at the end of his probationary period, in October 2002. After he began working full-time, Appellant was paid $750 every two weeks. At the same time, Appellant began receiving health care benefits for himself and his wife.
 {¶ 3} In early January 2003, Appellant slipped on an icy patch at work, injuring his hand and bruising his elbow and back. Appellant claimed at his deposition that his supervisor, Carl Schenault, had previously told him, "Nobody files a Workmen's [Compensation] claim here." Appellant alleges that he reported his injury to Shirley Hoover, Temple Israel's bookkeeper, and that she instructed him to go to the hospital and put the bill on his own insurance rather than filing a Workers' Compensation claim. While at the hospital, Appellant nevertheless received and completed a Workers' Compensation form. Appellant claims that after his superiors discovered that he had filed for Workers' Compensation, they began to show hostility toward him. Appellant claims that he was chastised on a daily basis for performing his tasks incorrectly, even when he precisely followed instructions given to him by his superiors. He claims that he was "ostracized," in that he was told not to interact on a friendly basis with the temple's visitors, staff, or students. On one occasion, according to Appellant, the Vice President of Temple Israel's Board of Trustees shoved him when he questioned an instruction. Appellant states that he reported the incident to police but that charges were not filed. Rabbi David Lipper, on the other hand, testified during his deposition that he had received complaints about the declining quality of Appellant's work and his inappropriate conduct in the workplace after Appellant began his full-time employment.[1]
 {¶ 4} In late January 2003, Shirley Hoover informed Appellant that Temple Israel had erroneously been providing health insurance benefits for Appellant's wife and that it would no longer do so in the future. Appellant claims that he and Ken Weinberger, Vice President of Temple Israel's Board of Trustees, had agreed on health insurance for Appellant's wife as one of the terms of Appellant's employment with Temple Israel, although there is no written agreement to substantiate this claim.
 {¶ 5} On February 27, 2003, Appellant's employment was terminated. Appellant received a letter from Elaine Jaffe, President of Temple Israel's Board of Trustees, identifying seven reasons for the termination: repeated absences; tardiness; failure to follow posted time schedules; failure to complete posted tasks; use of non-approved compensatory time; "[i]nappropriate interaction with staff, faculty, and students;" and "[c]onfrontational attitudes towards [sic] supervisory staff."
 {¶ 6} On March 14, 2003, Appellant went to the Temple to collect his severance pay. Shirley Hoover, Temple Israel's bookkeeper, was the only person present in the office. She gave Appellant a release form, which he signed. The form stated in its entirety:
 "Upon payment of the sum of $750.00 Gross, receipt of which is hereby acknowledged, reflecting 2 weeks severance pay, which is not required by law, Greg Cole does hereby release Temple Israel, its officers and board members of any and all claims rising from the termination of his employment."
 {¶ 7} On August 11, 2003, Appellant filed suit in the Summit County Court of Common Pleas, asserting four causes of action: 1) Wrongful termination in retaliation for filing a Workers' Compensation claim, in violation of R.C. 4123.90; 2) Deprivation of substantive and procedural due process and breach of the provisions of Temple Israel's employee manual; 3) Discrimination due to Appellant's relationship with a disabled person (specifically, his wife) in violation of R.C.4112.02(A); and 4) Discharge in violation of public policy. The trial court granted Appellees' motion for summary judgment on the basis of the release form that Appellant signed on March 14, 2003. Appellant timely appealed, asserting four assignments of error. Because the outcome of the second assignment of error bears upon the outcome of the other assignments of error, we will address the second assignment of error first.
 II. A. Second Assignment of Error "THE TRIAL COURT ERRED AS A MATTER OF LAW IN UTILIZING AN ERRONEOUS STANDARD OR MISCONSTRUCTION OF THE LAW IN INTERPRETING AND ANALYZING THE PRINCIPLES OF TORT LAW AND CONT[R]ACT LAW, SET FORTH HEREIN AS FOLLOWS: FRAUD, FRAUD IN THE INDUCEMENT, DUTY OF DISCLOSURE, CONCEALMENT, SILENCE, RELEASE, CONSIDERATION, WAIVER, MEETING OF THE MINDS AND PROMISSORY ESTOPPEL."
 {¶ 8} In his second assignment of error, Appellant argues that the trial court misconstrued several principles of law central to Appellant's argument. Because many of the legal principles addressed in the second assignment of error address the validity of the release form, which in turn determines whether Appellant may assert his causes of action even if his allegations of fact and his additional statements of law are all true, we begin by addressing the second assignment of error.
 {¶ 9} Appellate courts review decisions on summary judgment de novo, viewing the facts as most favorable to the non-moving party and resolving any doubt in favor of that party. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105; Norris v. Ohio Std. Oil Co. (1982),70 Ohio St.2d 1, 2. Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law and reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 56(C); Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 10} Appellant signed a form releasing all claims against Appellees related to his termination, in exchange for receiving severance pay equal to two weeks wages. Where a party has agreed to release a cause of action in exchange for consideration, all claims encompassed within the release are barred unless the release was obtained by fraud and the consideration received under the release is returned. Haller v. BorrorCorp. (1990), 50 Ohio St.3d 10, 13. Appellant does not specifically recall signing the release form, but having viewed the signature on the document, he does not dispute that he signed it. Therefore, as long as the release form constitutes a valid contract between Appellant and Appellees, supported by consideration and not obtained fraudulently, Appellant's claims are barred. Id.
 {¶ 11} Appellant claims that his assent to the terms of the release form was invalid because he was "intimidated" into immediately signing the release form in exchange for receiving his severance pay, although he paradoxically claims that he was also tricked into signing by virtue of the informal environment in which the transaction took place, with nobody present in the room other than Shirley Hoover, one of his most trusted co-workers. Furthermore, Appellant argues, the terms of the one-paragraph release form were not explained to him before he signed, and because of his limited education, he was not in a position to understand the terms himself.[2] Appellant argues that because he was not told what he was signing and because of the circumstances surrounding the transaction, there was no "meeting of the minds" and Appellant did not knowingly and voluntarily waive his legal claims against Appellees. According to Appellant, Appellees' silence as to the nature and contents of the release form, in light of the surrounding circumstances, amount to either fraud in the inducement or fraud in the factum.
 {¶ 12} Appellant cites two cases for the proposition that a contract must be clear, definite, and certain in its terms. Episcopal RetirementHomes, Inc. v. Ohio Dept. of Indus. Relations (1991), 61 Ohio St.3d 366,369; Rulli v. Fan Co. (1997), 79 Ohio St.3d 374, 376. Appellant is not asserting, however, that the release form was ambiguous or vague. SeeRulli, 79 Ohio St.3d at 376. He merely states that he signed the form because he was told to do so in order to receive his severance pay and that he was incapable of understanding the terms or the significance of the waiver form without an explanation from Appellees. Ohio law does not require that the terms of a written contract be read or explained to a fully literate individual before he signs it, even if he has relatively little formal education. ABM Farms, Inc. v. Woods (1998),81 Ohio St.3d 498, 503; see, also, Anderson v. Delta Funding Corp. (N.D.Ohio 2004),316 F.Supp.2d 554, 565-566. Nor can Appellant be excused from knowing what rights he waived by signing the form merely because he was told that he would get his severance pay if he signed it. "[A] party to a contract is presumed to have read what he or she signed and cannot defeat a contract by claiming not to have read it." Preferred Capital,Inc. v. Ferris Bros., Inc., 167 Ohio App.3d 653, 2005-Ohio-6221, at ¶ 10. Furthermore, unless a fiduciary duty or other similar relationship exists between the parties to a contract, there is no duty for the parties to disclose facts material to the transaction to one another.Current Source, Inc. v. Elyria City School Dist., 157 Ohio App.3d 765,2004-Ohio-3422, at ¶ 24. Absent a duty to disclose, an action in fraud can only be sustained where a party has misrepresented a material fact. Id. at ¶ 17-20.
 {¶ 13} In this case, Appellant has cited no law that would establish a fiduciary duty on Temple Israel's part. Nor has he identified any facts tending to show that Temple Israel actively misrepresented the nature or contents of the release form. An appellant bears the burden of affirmatively demonstrating the error on appeal and substantiating his or her arguments in support. App.R. 16(A)(7); Loc.R. 7(A)(7). SeeFigley v. Corp, 9th Dist. No. 04CA0054, 2005-Ohio-2566, at ¶ 8. It is not the duty of this Court to develop an argument in support of an assignment of error, even if one exists. State v. Tanner, 9th Dist. No. 04CA0062-M, 2005-Ohio-998, at ¶ 24; Prince v. Jordan, 9th Dist. No. 04CA008423, 2004-Ohio-7184, at ¶ 40; Klausman v. Klausman, 9th Dist. No. 21718, 2004-Ohio-3410 at ¶ 29. Because Appellant has not shown any evidence of misrepresentation on Appellees' part and has not cited any law that would impose upon Appellees a duty to explain the contents of the release form to Appellant, we cannot find that the trial court erred in determining that Appellant's signature on the release form was valid.
 {¶ 14} Appellant further claims that his severance pay from Temple Israel was a gratuitous gift and not consideration for his release of claims, and that his release was therefore unsupported by consideration. This claim flatly contradicts the language of the release form, which stated that Appellant released his claims "[u]pon payment of * * * [two] weeks severance pay."
 {¶ 15} The waiver form, which Appellant signed, therefore constitutes a valid contract between Appellant and Appellees, for which Appellant received valid consideration in the form of two weeks severance pay. By the terms of the contract, Appellant's claims — including promissory estoppel — are barred as a matter of law. Appellant's second assignment of error is therefore overruled.
 B. First Assignment of Error "THE TRIAL COURT ERRED IN GRANTING APPELLEES' JOINT MOTION FOR SUMMARY JUDGMENT AS THERE WERE SEVERAL ISSUES OF FACT WHICH SHOULD HAVE PRECLUDED [THE] SAME UNDER O.CIV.R. 56."
 Third Assignment of Error "THE TRIAL COURT ERRED AS TO ERRONEOUS STANDARD OR MISCONSTRUCTION OF THE LAW AS THE TRIAL COURT'S DECISION GRANTING SUMMARY JUDGMENT FOR APPELLEES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 16} Appellant asserts in his first assignment of error that several issues of fact preclude summary judgment in this case. In his third assignment of error, he calls attention to further factual allegations in the record and states that, in light of these allegations, the trial court's order granting summary judgment was contrary to the manifest weight of the evidence.
 {¶ 17} As to the third assignment of error, a trial court is not permitted to weigh the credibility of evidence when ruling on a motion for summary judgment. Helms v. Cahoon (Jan. 16, 2002), 9th Dist. No. 20527, at *2. If there is no issue of material fact — that is, the parties do not dispute any of the facts that would entitle the movant to judgment as a matter of law, even though other facts remain in dispute — there is clearly no need to resolve conflicting evidence or to judge the credibility of the parties' deposition testimony. The trial court — and the appellate court, applying its de novo standard of review — may only review the factual allegations to determine whether they raise a material issue of fact to be determined at trial. See id.
 {¶ 18} We have already stated that some of the issues of fact raised by Appellant in the first and third assignments of error — specifically, Appellant's educational level and the circumstances under which he signed the release form — only address the validity of the release, and that as a matter of law, the release remains valid even if Appellant's factual allegations are true. Appellant further alleges that an issue of fact exists as to whether Temple Israel was attempting to retaliate against him or constructively discharge him. Appellant alleges several instances of mistreatment by some of the Appellees and further notes that Temple Israel revoked his wife's health insurance soon after Appellant filed his Workers' Compensation claim, knowing that the insurance was the primary reason why Appellant took the position with Temple Israel. Appellant also cites the favorable performance review that he received before he became a full-time employee of Temple Israel. Because Appellant validly released his claims against Appellees, however, any claims arising from these factual allegations are barred as a matter of law, even if the allegations are true. Thus, to the extent that any issues of fact exist as to the reasons why Temple Israel revoked Appellant's wife's health insurance, as to Appellant's alleged instances of mistreatment, or as to Appellant's workplace performance, they are not material issues of fact and do not preclude summary judgment. Appellant's first and third assignments of error are overruled.
 C. Fourth Assignment of Error "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN EXCLUDING FROM ITS FINAL AND APPEALABLE ORDER ANY CONSIDERATION CONCERNING APPELLANT'S CAUSE ALLEGING WRONGFUL DISCHARGE FOR FILING A WORKER'S [SIC] COMPENSATION CLAIM, IN VIOLATION OF O.R.C. § 4123.90; REVERSE DISCRIMINATION, IN VIOLATION OF O.R.C. § 4112.02, AND THE PUBLIC POLICY ASSOCIATED WITH BOTH STATUTES; AND DEPRIVATION OF ANY SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS."
 {¶ 19} In his final assignment of error, Appellant argues that the trial court erred in failing to consider two statutory claims that Appellant raised in his complaint, as well as a claim that his termination was in violation of public policy and deprived him of his due process rights. As to the statutory claims, Appellant alleges that he was wrongfully discharged in retaliation for filing a Workers' Compensation claim, in violation of R.C. 4123.90, and that he was discharged as a result of his relationship with a disabled person — his wife — in violation of R.C. 4112.02.
 {¶ 20} The trial court held that, as with Appellant's other claims, his statutory claims as to retaliatory discharge were barred by the release form that Appellant signed when he received his severance pay. In his brief, Appellant responds, "There is case law that supports the proposition that a general release may not encompass Worker's [sic] Compensation claims." Appellant does not cite any such cases, however. Furthermore, as to his claim of disability discrimination in violation of R.C. 4112.02, Appellant has set forth no arguments to show that the release of claims did not encompass claims under that statute. Again, we note that an appellant bears the burden of affirmatively demonstrating the error on appeal and substantiating his or her arguments in support. App.R. 16(A)(7); Loc.R. 7(A)(7). See Figley at ¶ 8. Therefore, we cannot find that the trial court erred in holding that Appellant released his claims under R.C. 4123.90 and R.C. 4112.02.
 {¶ 21} As to the due process claims, Appellant does not raise a true Constitutional due process issue, but rather appears to suggest that Temple Israel violated one of its own internal procedures providing for employees to receive a hearing before the Temple's board prior to being terminated. Again, however, Appellant has cited nothing to show that the release form did not encompass claims arising from the breach of any internal procedures for termination. As with the statutory claims, Appellant has released this claim. Appellant's fourth assignment of error is overruled.
 III. {¶ 22} Appellant's four assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
CARR, P. J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] The only deposition that Appellant filed in its entirety was his own deposition. Only a few pages from the respective depositions of Rabbi Lipper and various Temple employees and board members appear in the case file.
[2] In his brief, Appellant represents himself as having an eleventh-grade education, although Appellant's own deposition testimony reveals that he earned a G.E.D. while serving in the Armed Forces and later attended college for one year.