OPINION
{¶ 1} Appellant, Cecil King, appeals from the June 28, 2007 judgment entry of the Lake County Court of Common Pleas, granting the motion for summary judgment of appellee, Ricerca Biosciences, LLC.
 {¶ 2} Appellant began working for appellee, a multinational corporation involved in the design, manufacture, and testing of chemical compounds, in 1964.[1] Around 1997, he became part of appellee's residue analysis group as a Research Chemist II. *Page 2 
Appellant was the only African-American among the thirteen members of that group. Around 2000, appellee became partly owned by Venture Pharma, LLC ("Venture"). Shortly thereafter, it was announced that the entire residue analysis group would be phased out as part of a reduction-in-force. Appellant remained employed for an additional nine months before being terminated on September 6, 2001.
 {¶ 3} Appellee offered appellant a severance package, which required him to sign an Agreement and General Release ("release") in order to be eligible. On September 18, 2001, appellant signed the release and received all of the benefits contained in the agreement, including $48,946.38 in severance pay, plus forty-two weeks of healthcare premiums.
 {¶ 4} On December 12, 2002, appellant filed a pro se complaint against appellee, and defendants SG Capital Partners, LLC ("SG"), and Venture, alleging race discrimination, age discrimination, intentional infliction of emotional distress, and wrongful termination. Appellee and Venture filed separate answers and counterclaims on February 12, 2003. Appellant filed an answer to appellee's counterclaim on March 11, 2003. On March 27, 2003, SG filed a motion to dismiss or alternative motion for summary judgment.
 {¶ 5} On May 27, 2003, appellant filed a pro se notice of voluntary dismissal without prejudice pursuant to Civ.R. 41(A)(1) as to SG. In its June 9, 2003 judgment entry, the trial court indicated that SG's motion to dismiss or alternative motion for summary judgment was denied as moot.
 {¶ 6} On March 12, 2004, appellee filed a motion for summary judgment. *Page 3 
 {¶ 7} On March 29, 2004, appellant filed a pro se notice of voluntary dismissal without prejudice pursuant to Civ.R. 41(A)(1) as to appellee. On April 20, 2004, appellee filed a notice of voluntary dismissal of its counterclaims without prejudice. In its April 21, 2004 judgment entry, the trial court denied as moot appellee's motion for summary judgment.
 {¶ 8} On March 25, 2005, appellant filed a pro se motion to reinstate the case, which was ultimately granted.[2] In its July 24, 2006 judgment entry, the trial court ordered appellant to file an amended complaint.
 {¶ 9} On August 17, 2006, appellant filed a pro se amended complaint against appellee, SG, Venture, and Joseph N. Gross ("Gross"), alleging race discrimination, age discrimination, intentional infliction of emotional distress, and wrongful termination.[3] Appellee filed an answer and counterclaim on September 21, 2006.
 {¶ 10} SG filed a motion for summary judgment on November 21, 2006, which was granted by the trial court on January 18, 2007.
 {¶ 11} On March 12, 2007, appellee filed a motion for summary judgment. Appellant filed a response on March 27, 2007. Appellee filed a reply brief in support of its motion for summary judgment on April 5, 2007. Appellant filed a response to appellant's reply brief on April 18, 2007.
 {¶ 12} Pursuant to its June 28, 2007 judgment entry, the trial court granted appellee's motion for summary judgment. It is from that judgment that appellant filed a *Page 4 
timely notice of appeal and makes the following assignment of error:
 {¶ 13} "The Trial Court erred in granting Defendant the Summary Judgment."
 {¶ 14} In his sole assignment of error, appellant argues that the trial court erred by granting appellee's motion for summary judgment.
 {¶ 15} "This court reviews de novo a trial court's order granting summary judgment." Hudspath v. The Cafaro Co., 11th Dist. No. 2004-A-0073, 2005-Ohio-6911, at ¶ 8, citing Hagood v. Conrad, 11th Dist. No. 2000-T-0058, 2002-Ohio-3363, at ¶ 13. "A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law." Id.
 {¶ 16} "Since summary judgment denies the party his or her `day in court' it is not to be viewed lightly as docket control or as a `little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In Dresher v.Burt [(1996), 75 Ohio St.3d 280, 296,] the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy *Page 5 
its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time inMitseff v. Wheeler (1988), 38 Ohio St.3d 112. * * *" Welch v.Ziccarelli, 11th Dist. No. 2006-L-229, 2007-Ohio-4374, at ¶ 40. (Parallel citation omitted.)
 {¶ 17} "The court in Dresher went on to say that paragraph three of the syllabus in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, * * *, is too broad and fails to account for the burden Civ.R. 56 places upon a moving party. The court, therefore, limited paragraph three of the syllabus in Wing to bring it into conformity withMitseff. (Emphasis added.)" Id. at ¶ 41. (Parallel citation omitted.)
 {¶ 18} "The Supreme Court in Dresher went on to hold that whenneither the moving nor nonmoving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, `and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.' Id. at 276. (Emphasis added.)" Id. at ¶ 42.
 {¶ 19} "A release of a cause of action for damages is ordinarily an absolute bar to a later action on any claim encompassed within the release." Haller v. Borror Corp. (1990), 50 Ohio St.3d 10, 13. A release is a form of contract, Garrison v. Daytonian *Page 6 Hotel (1995), 105 Ohio App.3d 322, 325, and is favored in the law in order to encourage the private resolution of disputes between parties.Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson,Inc. (1996), 74 Ohio St.3d 501, 502.
 {¶ 20} "Where a party has agreed to release a cause of action in exchange for consideration, all claims encompassed within the release are barred unless the release was obtained by fraud and the consideration received under the release is returned." Cole v. TempleIsrael, 9th Dist. No. 23243, 2007-Ohio-245, at ¶ 10, citingHaller, supra, at 13. A release is void ab initio if a party can show that the terms of the release were obtained by fraud in the factum; a release obtained by fraud in the inducement is merely voidable.Haller, supra, at paragraph one of the syllabus.
 {¶ 21} In the case at bar, appellant alleged at his September 2, 2003 deposition that he signed the release because he believed that he would not be retained by appellee. However, the record establishes that appellant fully understood the contents of the release and its ramifications. Appellant testified that he was not misled into signing the release, as well as indicated that he consulted the Equal Employment Opportunity Commission, an attorney, and appellee's Chief Executive Officer prior to signing the document. Appellant was bound by the terms of the release. Fraud in the factum is not applicable. Thus, return of the consideration was necessary.
 {¶ 22} Specifically, the release provides:
 {¶ 23} "4. General Release. In exchange for the sums and benefits which you will receive pursuant to this Agreement and General Release, you agree to release Ricerca from all claims, demands, actions or liabilities you may have against Ricerca of whatever kind, including but not limited to those which are related to your employment *Page 7 
with Ricerca or the termination of that employment. You agree that this also releases from liability Ricerca's agents, directors, officers, employees, representatives, successors and assigns, and Ricerca's owners, parents, subsidiaries and affiliates and their agents, directors, officers, employees, representatives, successors and assigns (hereinafter `those associated with Ricerca'). You agree that you have executed this release on your own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that you may have now or in the future. You also agree that this release covers, but is not limited to, claims of age discrimination arising under the Age Discrimination in Employment Act of 1967, as amended, and claims arising under Title VII of the Civil Rights Act of 1964, as amended, and any other federal, state or local law, including laws prohibiting discrimination in employment on the basis of sex, race, age, national origin, religion, disability or other protected characteristic. You also agree that this release includes claims based on theories of contract or tort, whether based on common law or otherwise."
 {¶ 24} Also, the release states:
 {¶ 25} "7. Covenant Not to Sue. You agree that you will never institute a suit against Ricerca, or those associated with Ricerca, for any claim subject to the General Release in paragraph 4 of this Agreement. If you violate this release by suing Ricerca or those associated with Ricerca, you agree that you will pay all costs and expenses of defending against the suit incurred by Ricerca or those associated with Ricerca, including reasonable attorneys' fees."
 {¶ 26} The scope of the foregoing release encompasses all of appellant's claims in the present matter. In exchange for signing the release, appellant received *Page 8 
consideration in the amount of $48,946.38. Appellant agreed to release all claims against appellee in exchange for consideration according to the terms of the release. Thus, appellant's claims are barred since the release was not obtained by fraud and the consideration under the release was not returned.
 {¶ 27} In addition, appellant contends that appellee violated Executive Order 11246. We note, however, that appellant did not assert a claim under Executive Order 11246 in the trial court. Thus, this court will not consider that claim on appeal as it is waived. See Sekora v.General Motors Corp. (1989), 61 Ohio App.3d 105, 112.
 {¶ 28} Further, we note that there was no overt bias in the present matter, as appellee eliminated the entire residue analysis group as part of a reduction-in-force.
 {¶ 29} The trial court properly granted appellee's motion for summary judgment.
 {¶ 30} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed. It is ordered that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur.
[1] At the time he filed his appellate brief, appellant was sixty-six years old.
[2] Initially, the trial court denied appellant's motion to reinstate the case, and appellant appealed to this court. We reversed the trial court's decision and held that the trial court should have construed appellant's motion as a new complaint.
[3] On September 25, 2006, the trial court dismissed the action against Gross. Also, Venture was dismissed on January 18, 2007. As such, Gross and Venture are not named parties in the instant appeal. *Page 1