JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Preferred Capital, Inc., appeals the judgment of the common pleas court dismissing its cases against defendants-appellees for lack of personal jurisdiction. We affirm.
 {¶ 2} This is a breach of contract action. Preferred Capital is a lease finance company located in Brecksville, Ohio. None of the appellees who were named in the 566 cases the trial court dismissed are located in Ohio. The agreements between Preferred Capital and the appellees were attached to the complaints. The agreements all contained identical floating forum-selection clauses.[1] Preferred Capital's alleged basis for the court's personal jurisdiction over appellees was based on the forum-selection clauses.
 {¶ 3} In response to Preferred Capital's complaint, the majority of appellees filed motions to dismiss challenging Ohio's jurisdiction based on the forum-selection clauses. Other appellees filed answers, raising the jurisdictional issue as an affirmative defense. Some appellees did not answer Preferred Capital's complaint and default judgment was sought against them. The trial court stayed the cases, pending the Ohio Supreme Court's review of the same forum-selection clause, *Page 16 
which was before it from appeals taken from judgments of the Ninth District Court of Appeals.[2]
 {¶ 4} The Supreme Court issued its ruling in Preferred Capital, Inc.v. Power Engineering Group, Inc., 112 Ohio St.3d 429, 2007-Ohio-257,860 N.E.2d 741, finding the forum-selection clauses unenforceable under the circumstances in that case. The facts and circumstances in those cases were the same as the facts and circumstances in these cases. After the Supreme Court's opinion was released, Preferred Capital filed a motion to lift the stay and proceed to discovery. Without ruling on the motion, the trial court dismissed the cases based on the authority of PowerEngineering Group, Inc. Preferred Capital presents four assignments of error for our review.
 {¶ 5} In its first assignment of error, Preferred Capital contends that the trial court erred in dismissing the cases over, and without addressing, its motion to lift the stay and proceed to discovery. It is Preferred Capital's position that "under the standard announced in"Power Engineering Group, Inc., it should have been allowed to demonstrate that the forum-selection clause was enforceable. We disagree.
 {¶ 6} The Supreme Court did not hold that there was any factual test that had to be applied prior to dismissal of these cases. Rather, it explicitly held that the *Page 17 
forum-selection clause was unreasonable and it would, therefore, be unjust to enforce it. Moreover, in one of the companion cases, decided after Power Engineering Group, Inc., the Supreme Court summarily disposed of the case, ordering that "the cause is remanded to the trial court with instruction to enter an order of dismissal for lack of personal jurisdiction." Preferred Capital v. Ferris Bros, Inc.,112 Ohio St.3d 503, ¶ 1, 2007-Ohio-516.
 {¶ 7} Even if the Supreme Court had promulgated a new standard, the facts that were before the Court in Power Engineering Group, Inc. and the companion cases are present in this case. In considering the same facts and the same forum-selection clause, the Supreme Court stated:
 {¶ 8} "* * * we hold that the clause is unreasonable because even a careful reading of the clause by a signatory would not answer the question of where he may be forced to defend or assert his contractual rights. At the time the contract was entered into, the appropriate forum would have been New Jersey; the very next day, in most cases, the lease was assigned to Preferred Capital and the appropriate forum became Ohio. Nothing prevented Preferred Capital from assigning its interest and changing the forum yet again. It is one thing for a contract to include a waiver of personal jurisdiction and an agreement to litigate in a foreign jurisdiction. It is quite another to contract to litigate the same contract in any number of different jurisdictions, located virtually anywhere. Nothing in the record indicates that appellants were fully apprised of the potential for a truly floating forum. The record indicates that NorVergence knew that it intended to assign these leases and that no *Page 18 
matter how carefully appellants read the contract, they could never have anticipated the appropriate forum for litigating issues relating to their leases." Id. at 433.
 {¶ 9} The clear language in Power Engineering Group, Inc., therefore, invalidates the forum-selection clause. Because that clause was the sole basis for jurisdiction, the trial court properly dismissed Preferred Capital's cases against appellees.
 {¶ 10} Moreover, in regard to one of the appellees, National Resource Management, Inc. ("NRM"), the doctrine of full faith and credit mandated the dismissal of Preferred Capital's complaint against it. NRM is a Massachusetts company. During the pendency of this case in the trial court, the Massachusetts attorney general filed a complaint against Preferred Capital's predecessor in interest, NorVergence, alleging that NorVergence committed a pattern and practice of unfair and deceptive acts in violation of Massachusetts law. Judgment by default was entered against NorVergence, and the Massachusetts trial court found NorVergence in violation of the Massachusetts Consumer Protection Act.
 {¶ 11} In addition to awarding civil penalties to the Commonwealth of Massachusetts, the court ordered that each of the NorVergence customer contracts involved in the litigation were rescinded and unenforceable and that the alleged debts arising from those contracts were cancelled. In accordance with the judgment rendered in the Massachusetts litigation, NRM moved for dismissal of Preferred Capital's complaint against it based, in part, on the doctrine of full faith and credit. *Page 19 
 {¶ 12} Section I, Article IV of the United States Constitution deals with the doctrine of full faith and credit and provides that:
 {¶ 13} "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."
 {¶ 14} Both the United States Supreme Court and the Ohio Supreme Court have established that the doctrine of full faith and credit requires the state of Ohio to give "full faith and credit" to a final judgment or legal proceeding as rendered in any sister state. See Wyatt v.Wyatt (1992), 65 Ohio St.3d 268 269-270, 602 N.E.2d 1166. The doctrine further requires that the state of Ohio examine the effect of the foreign judgment in light of the law of the foreign state and provide the same effect in Ohio courts. William Neundorfer Co. v. Lash (Feb. 10, 1983), Cuyahoga App. No. 44768, at 4.
 {¶ 15} Based on the aforementioned, Ohio courts must give full faith and credit to the Massachusetts judgment.
 {¶ 16} The first assignment of error is overruled.
 {¶ 17} Preferred Capital argues in its second assignment of error that the trial court erred in dismissing the cases of the appellees who had not filed motions to dismiss. Preferred Capital contends that, under Civ. R. 12, notice must be given prior to such a dismissal. *Page 20 
 {¶ 18} In State ex rel. Edwards v. Toledo City School Dist. Bd. ofEdn., 72 Ohio St.3d 106, 1995-Ohio-251, 647 N.E.2d 799, the Ohio Supreme Court stated the following:
 {¶ 19} "The Rules of Civil Procedure neither expressly permit nor forbid courts to sua sponte dismiss complaints. Generally, a court may dismiss a complaint on its own motion pursuant to Civ. R. 12(B)(6), failure to state a claim upon which relief may be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond. Mayrides v. Franklin Cty. Prosecutor'sOffice (1991), 71 Ohio App.3d 381, 383-384, 594 N.E.2d 48, 50;Prosen v. Dimora (1992), 79 Ohio App.3d 120, 124, 606 N.E.2d 1050, 1052;Besser v. Griffey (1993), 88 Ohio App.3d 379, 623 N.E.2d 1326; Perez v.Ortiz (C.A.2, 1988), 849 F.2d 793, 797-798; Morrison v. Tomano (C.A.6, 1985), 755 F.2d 515, 516-517. However, some courts have recognized an exception to the general rule, allowing sua sponte dismissal without notice where the complaint is frivolous or the claimant obviously cannot possibly prevail on the facts alleged in the complaint. See Baker v.Dir, U.S. Parole Comm. (C.A.D.C. 1990), 916 F.2d 725, and English v.Cowell (C.A.7, 1993), 10 F.3d 434, analyzing the similarly worded Fed.R.Civ.P. 12." Edwards at 108.
 {¶ 20} Here, Preferred Capital could not have possibly prevailed on its complaints. As already discussed, Power Engineering Group, Inc.
mandated the dismissals. To the extent that the trial court erred, therefore, such error was harmless. The second assignment of error is overruled. *Page 21 
 {¶ 21} In its third and fourth assignments of error, Preferred Capital contends that the trial court erred in dismissing the cases where motions for default judgment were pending and in dismissing the cases where counterclaims were pending, respectively.
 {¶ 22} Because the trial court did not have jurisdiction in this case under the authority of Power Engineering Group, Inc., any judgment it would have issued on the motions for default judgment or counterclaims would have been void. See The Bernard Group v. New Hope AlternativeTherapy Research (2003), 153 Ohio App.3d 393; Clark v. Marc Glassman,Inc., Cuyahoga App. No. 82578, 2003-Ohio-4660. Accordingly, the third and fourth assignments of error are overruled.
Affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and MARY J. BOYLE, J., CONCUR
[1] The clauses read as follows:
"This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option."
[2] See Preferred Capital, Inc. v. Power Engineering Group, Inc.,163 Ohio App.3d 522, 2005-Ohio-5113, 839 N.E.2d 416; Preferred Capital, Inc.v. Ferris Bros., Inc., 167 Ohio App.3d 653, 2005-Ohio-6221,856 N.E.2d 984; Preferred Capital, Inc., v. Wheaton Trenching, Inc., Summit App. No. 22995, 2006-Ohio 1554; Preferred Capital, Inc. v. Al Lou BuildersSupply, Inc., Summit App. No. 22654, 2006-Ohio-250. *Page 1