OPINION
{¶ 1} Defendant-appellant Philip Simpson appeals the October 26, 2004 Entry entered by the Guernsey County Court of Common Pleas, which denied his Petition to Vacate or Set Aside Sentence, and which granted the Motion to Dismiss Petition for Post-Conviction Relief filed by plaintiff-appellee State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On April 3, 2002, the Guernsey County Grand Jury indicted appellant on one count of improperly discharging a firearm at or into a habitation or school, in violation of R.C.2923.161(A), a felony of the second degree; and one count of felonious assault, in violation of R.C. 2903.11, a felony of the second degree. Each count carried an attendant firearm specification. Appellant entered a plea of not guilty at his arraignment on April 11, 2002.
 {¶ 3} On December 12, 2002, appellant appeared before the trial court and withdrew his former plea of not guilty and entered a plea of no contest to one count of improperly discharging a firearm into a habitation and the firearm specification. In accordance with the terms of a negotiated plea, the State dismissed the remaining count and specification. The trial court conducted a Crim.R. 11 colloquy with appellant, and found his plea was knowingly and voluntarily made. The trial court accepted appellant's plea and found him guilty of improperly discharging a firearm into a habitation and the specification. The trial court imposed a five year term of imprisonment, two years on the felony, and three years on the firearm specification. Appellant did not file a direct appeal.
 {¶ 4} On August 16, 2004, appellant filed a Petition to Vacate or Set Aside Sentence. The State filed a Motion to Dismiss Petition for Post-Conviction Relief on September 9, 2004. Appellant filed a Brief in Opposition. Via Entry filed October 26, 2004, the trial court denied appellant's Petition to Vacate or Set Aside Sentence, and granted the State's Motion to Dismiss.
 {¶ 5} It is from this entry appellant appeals, raising the following assignment of error:
 {¶ 6} "I. TRIAL COURT IS IN ERROR AND IN VIOLATION OF THE DEFENDANTS (SIC) PROTECTION UNDER THE U.S. CONSTITUTION FROM CONSPIRACY OF CRUEL AND UNUSUAL PUNISHMENT.
 {¶ 7} "II. TRIAL COURT AND IT'S (SIC) MACHINERY IS IN ERROR AND IN VIOLATION TO TRY, CONVICT, AND SENTENCE DEFENDANT ON INSUFFICIENT EVIDENCE.
 {¶ 8} "III. DEFENDANTS (SIC) COUNSEL WAS INEFFECTIVE FOR FAILURE TO PERFORM HIS DUTIES AS PROMISED BY THE 6TH AMEND OF THE U.S. CONSTITUTION AS WELL AS THE OCONST I:10.
 {¶ 9} "IV. PROSECUTION IS IN VIOLATION OF PROSECUTOR MISCONDUCT AND TO TRY CONVICT AND SENTENCE THIS CASE IN THE FIRST PLACE. AND CONFLICT OF INTEREST. (SIC)
 {¶ 10} "V. DEFENDANT WAS VIOLATED UNDER THE PROTECTION OF THE CONSTITUTION FROM THE CRUELITY (SIC) OF POLICE AND TRIAL MISCONDUCT.
 {¶ 11} "VI. TRIAL COURT IS IN VIOLATION OF THE 6TH AND THE 14TH AMEND AS WELL AS OCONST I SECT 10 AND I SEC 9 WHICH PROTECTS, DEMANDS DEFENDANT TO THE FAIR TRIAL WITH PROTECTION FROM CRUEL AND ILLEGAL PUNISHMENT."
 I, II, IV, V, VI {¶ 12} In these assignments of error, appellant essentially raises manifest weight and sufficiency of the evidence claims relative to his conviction. We find appellant's entering a no contest plea waived his right to assert such claims. Accordingly, appellant's I, II, IV, V, and VI assignments of error are overruled.
 III {¶ 13} In his third assignment of error, appellant challenges the trial court's denial of the ineffective assistance of trial counsel claim in his Motion to Vacate or Set Aside Sentence.
 {¶ 14} The name given to a motion is not controlling. Rather, it is the substance, and not the caption which determines a motion's operative effect. Hatton v. Hatton (July 14, 1987), Montgomery App. No. 10309. Because this portion of appellant's motion raised alleged violations of his constitutional rights, i.e., his constitutional right to effective assistance of counsel, it is most properly considered as a petition for post-conviction relief. See, State v. Reynolds (1997),79 Ohio St.3d 158, syllabus.
 {¶ 15} R.C. 2953.21(A)(2) provides, in part:
 {¶ 16} "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 17} The trial court sentenced appellant on January 15, 2003. Appellant did not file a direct appeal or motion to file a delayed appeal. Factoring in the thirty days for filing a notice of appeal from the date of the sentencing entry, appellant's petition for post-conviction relief should have been filed in July, 2003, in order to be timely. Appellant did not file his petition until August 31, 2004; therefore, the petition is untimely.
 {¶ 18} R.C. 2953.23 governs untimely filed petitions for post-conviction relief. Under the statute, a trial court may not entertain an untimely filed petition for post-conviction relief unless it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies upon in the petition, or that the United States Supreme Court has, since the expiration of the period for timely filing, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable fact finder would not have found him guilty but for constitutional error at trial. See R.C. 2953.23(A). State v.Alvarez (Apr. 2, 1997), Lorain App. No. 96CA006595, unreported, at 4, appeal not allowed (1997), 79 Ohio St.3d 1482. Appellant herein has failed to meet these conditions.
 {¶ 19} Appellant's third assignment of error is overruled.
 {¶ 20} The judgment of the Guernsey County Court of Common Pleas is affirmed.
Hoffman, J. Boggins, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Guernsey Court of Common Pleas is affirmed. Costs assessed to appellant.