[Cite as *Downtown Properties Ltd. v. Haddad*, 2011-Ohio-4117.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96023**

## DOWNTOWN PROPERTIES, LTD.

PLAINTIFF-APPELLANT

vs.

## NICOLAS HADDAD, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cleveland Municipal Court
Case No. 2009 CVH 020199

**BEFORE:**   S. Gallagher, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   August 18, 2011

**ATTORNEYS FOR APPELLANT**

Sara M. Donnersbach
Amanda Rasbach Yurechko
Weltman, Weinberg & Reis
323 W. Lakeside Avenue
Suite 200
Cleveland, OH 44113


**ATTORNEY FOR APPELLEES**

Patrick Dichiro
4141 Rockside Road
Suite 230
Seven Hills, OH 44131


SEAN C. GALLAGHER, J.:

{¶ 1}  Plaintiff-appellant Downtown Properties, Ltd. ("DP") appeals the judgment of the Cleveland Municipal Court that vacated a judgment sustaining the garnishment of bank account funds in favor of DP.  For the following reasons, we reverse the decision of the trial court and remand for further proceedings consistent with this opinion.

{¶ 2}  DP obtained a judgment against Nicolas Haddad d.b.a. Barrister's Express and Mary Thomas Haddad d.b.a. Barrister's Express ("defendants") in Cuyahoga County Court of Common Pleas Case No. CV-514954, in the amount of $2,488.34, plus interest at the then statutory rate of ten percent.  DP transferred the judgment to Cleveland Municipal Court for execution, and on September 17, 2009, filed a request for

garnishment of bank funds on deposit at Charter One Bank. The bank deposited the $3,333.28 of principal and interest with the court.

{¶ 3} Defendants opposed the garnishment. After conducting a hearing, the magistrate filed a decision in favor of DP on February 11, 2010. On the same day, the court's final order, which adopted the magistrate's decision and independently sustained the garnishment, was journalized. The court's final entry was attached to the docket entry noticing the magistrate's decision.

{¶ 4} On February 25, 2010, the court released the deposited funds to DP pursuant to the February 11, 2010 final order. Not until March 1, 2010, did defendants file their objection to the magistrate's decision. DP was unaware of the objection. On October 19, 2010, purportedly based on defendants' objection, the trial court vacated its February 11, 2010 final order, dismissed DP's request for garnishment of funds, and ordered DP to return the collected funds. DP filed a motion to reconsider that decision upon which the trial court indicated its intention to set a hearing. Before the court scheduled the hearing, DP filed a notice of appeal divesting the trial court of jurisdiction. The issue is now ripe for review.

{¶ 5} DP appeals the trial court's decision to vacate its final judgment, raising two assignments of errors. Its first assignment of error provides as follows: "Whether the court committed reversible error by considering objections to a magistrate's decision despite defendants' failure to adhere to Ohio Civil Rule 53." DP's first assignment of error is sustained.

**{¶ 6}** We initially note that DP argues that defendants failed to timely object to the magistrate's decision. We agree with this assertion but are compelled to note that the trial court adopted the magistrate's decision and sustained the garnishment on the same day the magistrate's decision was filed, further demonstrated by the fact that the court released the funds on deposit on February 25, 2010, 14 days after entering its final judgment. The court's October 19, 2010 order, therefore, vacated a final order, as opposed to the parties' characterization that the trial court merely rejected the magistrate's decision.[1]

**{¶ 7}** Turning to the facts of the current appeal, we must address DP's arguments in terms of whether the court erred in reversing its final judgment. This observation, however, does not alter DP's central argument. DP challenges the propriety of the trial court's decision to act on defendants' untimely objections to the magistrate's decision.

**{¶ 8}** We review a lower court's ruling on a motion to vacate under an abuse of discretion standard. *Gunton Corp. v. Architectural Concepts*, Cuyahoga App. No. 89725, 2008-Ohio-693, ¶ 11. "Abuse of discretion connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the

---

[1] Part of the confusion may stem from the fact that the trial court did not separately docket its final journal entry. We note that it may be better practice to create a separate docket entry to reflect the journalization of the final judgment entry. When reviewing the docket and file, the final entry is then readily apparent. The procedural posture in this case demonstrates the confusing nature of a single docket entry, which only refers to a magistrate's decision, covering both the magistrate's decision and the final entry.

part of the court." (Citations and quotations omitted.) *Landis v. Grange Mut. Ins.* Co., 82 Ohio St.3d 339, 342, 1998-Ohio-387, 695 N.E.2d 1140.

{¶ 9} A brief review of the procedural history of this case is warranted. DP filed for garnishment of bank funds to satisfy its judgment against N. Haddad. Defendants opposed the garnishment, and the matter was referred to a magistrate pursuant to Civ.R. 53. After hearing the matter, the magistrate filed her decision, immediately adopted by the court pursuant to Civ.R. 53(D)(4)(e)(I), which states that "[t]he court may enter a judgment * * * during the fourteen days permitted by Civ.R. 53(D)(3)(b)(I) for the filing of objections to a magistrate's decision * * *. If the court enters a judgment during the fourteen days * * *, the timely filing of objections * * * shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered."

{¶ 10} Defendants did not timely file their objections. The final entry was journalized on February 11, 2010, and attached to the docket entry reflecting the magistrate's decision. After 14 days, DP was authorized to execute on the final judgment, and the court dispersed the funds on deposit to the meritorious plaintiff. Civ.R. 53(D)(4)(e)(I). On March 1, 2010, the date defendants filed their objection, the defendants needed to address the final judgment. Instead, they filed, without leave, their objections to the magistrate's decision "instanter," a decision already adopted by the trial court. We note that buried within the body of defendants' objections, the defendants requested leave to file the objections.

**{¶ 11}** The trial court then reviewed the merits of the defendants' objections, sustained them, vacated the February 11, 2010 final entry, and dismissed DP's motion for garnishment. DP challenges this decision on the basis that the defendants' objections were untimely and DP had no notice that the court intended to rule on the objections. Normally, the court may adopt or reject a magistrate's decision regardless of whether objections were filed. Civ.R. 53(D)(4)(b). In this case, however, the court adopted the magistrate's decision and entered a final judgment within the 14-day period. We agree with DP that the untimely filing of defendants' objections is therefore dispositive. The objections, being untimely, were moot in light of the fact that the court entered its final judgment. See Civ.R. 53(D)(3)(b)(I). Civil Rule 53 does not authorize objections after the expiration of the 14 days without leave. Civ.R. 53(D)(5). The defendants' only recourse 14 days or more after the final judgment in this case would have been to seek to vacate that final judgment.

**{¶ 12}** We acknowledge the general maxim that "[a]n appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such error is not prejudicial." *Gunton Corp.*, 2008-Ohio-693, at ¶ 11, citing *Reynolds v. Budzik* (1999), 134 Ohio App.3d 844, 732 N.E.2d 485, at fn. 3. Although defendants captioned their filing as objections to the magistrate's decision, the trial court need not rely on the caption in determining the relief sought. Courts have discretion to review the body of the motion in making such a determination. See *State v. Simpson*, Guernsey App. No. 04CA000032,

2005-Ohio-6768, ¶ 14. In this case, however, the defendants only included arguments challenging the magistrate's decision, essentially readdressing the issues decided by the trial court's final order. Moreover, there is no indication from the record that the trial court treated the late-filed objections as anything other than objections to the magistrate's decision. To the contrary, the court's action in sustaining the objections and then dismissing the action altogether indicates the court treated the objections as objections — a motion to vacate would have only addressed the final judgment entry, not the substantive issues underlying the case.

{¶ 13} We also note that generally, courts may not dismiss claims without providing the parties notice of its intent to do so. See *Preferred Capital, Inc. v. Check Mate Priority Servs.*, Cuyahoga App. No. 89894, 2008-Ohio-2657, ¶ 19. DP lacked notice that the court considered deeming the objections a motion to vacate, or that the court granted the motion for leave to file the untimely objection prior to its ruling. Such omission prejudiced DP and deprived it of the opportunity to protect its final judgment.

{¶ 14} For the foregoing reasons, DP's first assignment of error is sustained and fully dispositive of the appeal. DP's second assignment of error is therefore moot.[2] We reverse the October 19, 2010 decision of the trial court, and remand the case for the limited purpose of reinstating the February 11, 2010 final judgment. We again acknowledge that the trial court was in the process of addressing the issues presented

---

[2] Defendants' second assignment of error provides as follows: "Whether the court committed reversible error by overturning the magistrate's decision where defendants lacked standing to raise the only defense presented and lacked evidence to support the claim."

within the current appeal prior to the notice of appeal being filed.   Nonetheless, the trial court erred by vacating a final judgment based on an untimely objection to a magistrate's decision filed after the court issued a final judgment.

Reversed and remanded.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR