[Cite as *Byrd v. Ohio Dept. of Job & Family Servs.*, 2018-Ohio-1597.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Cheryl L. Byrd, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 16AP-850 |
| | | (Ct. of Cl. No. 2016-00520) |
| Ohio Department of | : | |
| Job & Family Services, | | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | | |
| | : | |

---

D E C I S I O N

Rendered on April 24, 2018

---

**On brief:** *Cheryl Byrd*, pro se. **Argued:** *Cheryl Byrd.*

**On brief:** *Michael DeWine*, Ohio Attorney General, and *Emily S. Tapocsi*, for appellee. **Argued:** *Emily S. Tapocsi.*

---

APPEAL from the Court of Claims of Ohio

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Cheryl L. Byrd, appeals a November 29, 2016 entry of the Court of Claims of Ohio dismissing her complaint. When the Court of Claims sua sponte dismissed the Fairfield County Child Support Enforcement Agency ("FCCSEA") and substituted defendant-appellee, Ohio Department of Job and Family Services ("ODJFS"), it erred in subsequently dismissing Byrd's complaint for lack of jurisdiction over a county agency. ODJFS's timely response to Byrd's complaint made Byrd's motion for default inapposite. We reverse in part and affirm in part the Court of Claims' decision and remand for proceedings consistent with this decision.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 6, 2016, Byrd sued "Job & family services, Fairfield County CSEA" in the Court of Claims. (July 6, 2016 Compl. at 1.) Her complaint was essentially a 16-chapter

single-spaced prose-like statement detailing Byrd's attempts to collect child support and alleged abuses by persons "involved from the Judge down to the Case Worker for an eleven year period." *Id.* at 2, in passim. Byrd sought damages in the amount of "A Roughly estimated Salary for All parties involved from the Judge down to the Case Worker," which Byrd estimated at $1,000,000. *Id.* at 2.

{¶ 3} A day after Byrd filed her complaint, a magistrate of the Court of Claims ordered the FCCSEA dismissed as a party and the case recaptioned as solely against ODJFS. (July 7, 2016 Mag. Order.) The docket reflects a copy of the complaint was sent by certified mail by the Court of Claims to ODJFS on the same day, July 7, 2016. (July 7, 2016 Summons; July 14, 2016 Docket.)

{¶ 4} On the 29th day after the complaint was filed but 28 days after it was served on ODJFS, ODJFS filed a motion to dismiss pursuant to Civ.R. 12(B)(1). (Aug. 4, 2016 Mot. to Dismiss.) In the preamble of the motion, ODJFS moved for dismissal only under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction. But in the body of its argument, ODJFS also argued that the complaint should be dismissed under Civ.R. 12(B)(6), stating "[Byrd] has failed to state any viable complaint against ODJFS and the Complaint must be dismissed in its entirety pursuant to Civ.R. 12(B)(6)." (Aug. 7, 2016 Mot. to Dismiss at 3.) With the exception of this single, quoted sentence, ODJFS's arguments centered on FCCSEA being an agency of a political subdivision, not the State of Ohio, and as such being unable to be sued in the Court of Claims. *Id.* at 1-3.

{¶ 5} The day after ODJFS filed its motion to dismiss, Byrd filed a motion for default judgment for ODJFS's failure to respond within 28 days. She also requested federal prosecution of the man who allegedly owes her unpaid child support. (Aug. 5, 2016 Mot. for Default & Prosecution.) Byrd did not respond to ODJFS's motion to dismiss, and ODJFS did not respond to Byrd's motion for default.

{¶ 6} On November 29, 2016, the Court of Claims denied Byrd's motion for default judgment and dismissed Byrd's case under Civ.R. 12(B)(1). (Nov. 29, 2016 Entry of Dismissal at 1-3.) The Court of Claims held that ODJFS had responded to Byrd's complaint by motion to dismiss within the time allowed by law and that a default judgment was improper. *Id.* at 1. Recognizing that ODJFS had made arguments for dismissal on the grounds of both jurisdiction (under Civ.R. 12(B)(1)) and failure to state a claim (under

Civ.R. 12(B)(6)), the court granted dismissal on jurisdictional grounds, the basis originally stated by ODJFS in the preamble of its motion, that the Court of Claims lacks jurisdiction over an action against a county agency, because Byrd sued FCCSEA, a county agency. (Nov. 29, 2016 Entry of Dismissal at 1, 3.) The Court of Claims did not address ODJFS's arguments under Civ.R. 12(B)(6) and Byrd did not respond to either argument when she did not file a response to ODJFS's motion.

{¶ 7} Byrd now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Byrd assigns two errors for our review:

> 1. THE COURT ERRED IN DISMISSING THE DEFAULT JUDGMENT, THE DEFENDANT-APPELLEE DID NOT FILE THEIR ORIGINAL PLEADING WITH COURT AS IT STATED IN THE SUMMONS.
>
> 2. THE COURT ERRED IN DISMISSAL OF THE CASE AND IT'S ENTIRETY FOR LACK OF SUBJECT MATTER, JURISDICTION, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

## III. JURISDICTION

{¶ 9} Whether a final, appealable order exists for us to review is a jurisdictional question that we consider sua sponte, even if not raised by the parties. *See, e.g., Moore v. Gross*, 10th Dist. No. 09AP-1077, 2010-Ohio-3328, ¶ 8-15. Generally, a judgment is not final in a case involving multiple claims or multiple parties if its entry has not resolved all claims as to all parties, unless the court expresses in its entry that there is no just reason for delay. Civ.R. 54(B); *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596 (1999). If no parties or claims remain in an action, the Civ.R. 54(B) language is not needed, and the entry is a final judgment that we have jurisdiction to review on appeal. *Moore* at ¶ 11-12.

> For a court order to be final and appealable, it must satisfy the requirements of R.C. 2505.02, and if the action involves multiple claims and the order does *not* enter a judgment on all the claims, the order must also satisfy Civ.R. 54(B) by including express language that "there is no just reason for delay." *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 2002 Ohio 5315, 776 N.E.2d 101, ¶ 5-7.

(Emphasis added.) *IBEW, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 7, and cited with approval by this Court in *Estate of Robert L. Beavers v. Knapp*, 175 Ohio App.3d 758, 2008-Ohio-2023, ¶ 75 (10th Dist.).

{¶ 10} While the Court of Claims acknowledged a single-sentence argument ODJFS made concerning Civ.R. 12(B)(6), it did not dismiss Byrd's complaint under that particular rule. We presume this is the case either because the court did not and could not reach the Civ.R. 12(B)(6) question when it dismissed Byrd's complaint for lack of jurisdiction or because ODJFS did not specifically move for dismissal under that civil rule in the preamble of its motion. (Nov. 29, 2016 Entry of Dismissal in passim.) Our review of the record leads us to find that the latter is the case and that, even without Civ.R. 54(B) language in the Court of Claims' entry, its entry is final and appealable. *Vaughn Industries* at ¶ 7.

## IV. DISCUSSION

### A. Second Assignment of Error – Whether the Court of Claims Erred in Dismissing for Want of Subject-Matter Jurisdiction

{¶ 11} Having established our jurisdiction in this appeal, for cogency of discussion, we turn first to Byrd's second assignment of error that the Court of Claims should not have dismissed the case in its entirety for lack of subject-matter jurisdiction. Byrd erroneously assigns error stating that the Court of Claims also dismissed for failure to state a claim, but this does not accurately reflect the language of the Court of Claims' entry of dismissal. The Court of Claims granted only ODJFS's Civ.R. 12(B)(1) motion to dismiss, and this required it to determine whether Byrd's claim raised any action cognizable in that court. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 10; *Brown v. Ohio Tax Commr.*, 10th Dist. No. 11AP-349, 2012-Ohio-5768, ¶ 14; *Robinson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5. Subject-matter jurisdiction involves " 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Brown* at ¶ 14, quoting *Robinson* at ¶ 5; *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14.

{¶ 12} Our review of a trial court's dismissal of an action under Civ.R. 12(B)(1) is plenary, according to a de novo standard. *Robinson* at ¶ 5, citing *Hudson v. Petrosurance, Inc.*, 10th Dist. No. 08AP-1030, 2009-Ohio-4307, ¶ 12. On de novo review, we hold that the Court of Claims should not have dismissed Byrd's complaint for lack of subject-matter jurisdiction under these circumstances. Byrd originally had sued "Job & family services,

Fairfield County CSEA" in the Court of Claims. (Compl. at 1.) A Court of Claims magistrate sua sponte dismissed FCCSEA and recaptioned the case as being solely against ODJFS. (Mag. Order.) Under these circumstances, error occurred when the Court of Claims granted ODJFS's motion to dismiss based on a lack of jurisdiction over the county agency, which the court, itself, had already taken action to ensure was no longer a party. (Entry of Dismissal at 3.)

{¶ 13} Additionally, ODJFS did not specifically move for dismissal under Civ.R. 12(B)(6) and Byrd did not respond to ODFJS's motion. The Court of Claims should have denied ODJFS's Civ.R. 12(B)(1) motion, since ODJFS is an agency of the state. R.C. 2743.03(A)(1). That the Court of Claims discussed Civ.R. 12(B)(6) in its entry of dismissal does not affect our decision. This is because the Court of Claims did not decide the case under Civ.R. 12(B)(6) and our review of the record indicates it need not have, since ODJFS did not adequately move for relief under Civ.R. 12(B)(6), nor did Byrd address the issue in any response to ODJFS's motion.

{¶ 14} Byrd's second assignment of error is sustained.

### B. First Assignment of Error – Whether the Court of Claims Erred in Denying Byrd's Motion for Default

{¶ 15} When service on a party to a complaint is accomplished by mail or commercial carrier, three days are added to the period in which to answer or file a responsive pleading such as a motion to dismiss. Civ.R. 6(D). ODJFS filed a responsive pleading on August 4, 2016 in the form of a motion to dismiss for lack of subject-matter jurisdiction. August 4, 2016 is 28 days after the complaint was served on ODJFS. Because ODJFS was served by mail, it had 31 days to respond. Civ.R. 12(A)(1); Civ.R. 6(D). ODJFS's response was timely, and ODJFS did not "fail[] to plead or otherwise defend." Civ.R. 55(A). Byrd's motion for default was properly denied.

{¶ 16} Byrd's first assignment of error is overruled.

## V. CONCLUSION

{¶ 17} The Court of Claims dismissed Byrd's complaint because FCCSEA is a county agency and not a party that may be sued in the Court of Claims. Before deciding the case, the Court of Claims had sua sponte dismissed FCCSEA and substituted ODJFS as the only defendant. Dismissal for want of subject-matter jurisdiction was erroneous, and we sustain Byrd's second assignment of error.

{¶ 18} ODJFS timely responded to Byrd's complaint and did not "fail[] to plead or otherwise defend." Civ.R. 55(A). Byrd's motion for default was properly denied, and her first assignment of error is overruled.

{¶ 19} Accordingly, we reverse in part, affirm in part, and remand this matter to the Court of Claims of Ohio for proceedings consistent with our holdings in this decision.

*Judgment reversed in part,*
*affirmed in part, and cause remanded.*

KLATT, J., concurs.
LUPER SCHUSTER, J., dissents.


LUPER SCHUSTER, J., dissenting.

{¶ 20} Because I would affirm the trial court's dismissal of Byrd's complaint, albeit for different reasons than those articulated by the trial court, I respectfully dissent.

{¶ 21} The majority construes ODJFS's August 4, 2016 motion to dismiss as seeking dismissal solely on the basis of Civ.R. 12(B)(1). To be certain, as the majority notes, the preamble of ODJFS's motion states ODJFS moves for dismissal "pursuant to Civ.R. 12(B)(1) for lack of subject matter jurisdiction." (Mot. to Dismiss.) However, in the body of its motion, ODJFS sets forth the legal standard for dismissal under Civ.R. 12(B)(6) for failure to state a claim and devotes an entire subsection of its motion to its argument that Byrd failed to state a viable claim against ODJFS. Thus, I would not, as the majority does, construe ODJFS's motion to dismiss as seeking dismissal solely on the basis of Civ.R. 12(B)(1) and instead would construe it as seeking dismissal pursuant to both Civ.R. 12(B)(1) and Civ.R. 12(B)(6). *See, e.g., Carter-Jones Lumber Co. v. JCA Rentals, LLC*, 7th Dist. No. 12 MA 56, 2013-Ohio-863, ¶ 19 (stating "[a] court is entitled to rely on the caption of a motion when ruling on it, but also has the discretion to construe the motion based on the contents in the body of the motion, itself"), citing *Downtown Properties Ltd. v. Haddad*, 8th Dist. No. 96023, 2011-Ohio-4117, ¶ 12.

{¶ 22} Furthermore, I would construe the trial court's November 29, 2016 entry of dismissal as recognizing that ODJFS's motion to dismiss advanced arguments for dismissal under both Civ.R. 12(B)(1) and Civ.R. 12(B)(6). The very first sentence of the trial court's entry of dismissal states as much. The trial court then sets forth the legal standard for

granting a motion to dismiss based on Civ.R. 12(B)(6). After stating ODJFS sought dismissal under Civ.R. 12(B)(6) and setting forth the legal standard, however, the trial court failed to render a decision specific to ODJFS's Civ.R. 12(B)(6) argument and instead entered a decision only as to ODFJS's Civ.R. 12(B)(1) argument.

{¶ 23} Despite the trial court's failure to specifically address ODJFS's argument that dismissal was warranted under Civ.R. 12(B)(6), I would nonetheless affirm the trial court's entry granting dismissal of Byrd's complaint. An appellate court reviews a Civ.R. 12(B) motion to dismiss under a de novo standard. *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6-7. An independent review of the record compels the conclusion that Byrd does not make any allegations of wrongdoing on the part of ODJFS, and, thus, Byrd has failed to state a claim upon which relief can be granted against ODJFS. Thus, dismissal of Byrd's complaint was warranted under Civ.R. 12(B)(6). I would, therefore, affirm the trial court's entry granting ODJFS's motion to dismiss, albeit for different reasons than those articulated by the trial court. *State v. Bridges*, 10th Dist. No. 14AP-602, 2015-Ohio-4480, ¶ 20 (affirming a trial court's disposition of a motion to dismiss but "for a different reason than the one articulated by the trial court"), citing *Agricultural Ins. Co. v. Constantine*, 144 Ohio St. 275, 284 (1944) (stating "[b]y repeated decisions of this court it is the definitely established law of this state that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof").

{¶ 24} For these reasons, I respectfully dissent.

————————————